MARY CULLEN, as Administratrix, etc., Respondent, *v.* THE
PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE
AND HUDSON CANAL COMPANY, Appellant.

The neglect of the employes of a railroad company to ring the bell or blow
the whistle of an engine approaching a crossing does not excuse a
traveler on the highway from exercising care on his part, in looking and
listening before crossing the railroad tracks, in order to escape the danger
of moving trains.

(Argued April 24, 1889; decided June 4, 1889.)

APPEAL from an order of the General Term of the Supreme
Court in the third judicial department, made January 26, 1886,
which reversed a judgment entered upon an order nonsuiting
plaintiff on trial, and granted a new trial.

This action was brought to recover damages for alleged
negligence causing the death of Michael Cullen, plaintiff's
intestate, who was killed at a crossing on defendant's road by
a collision with an engine which was backing at a high rate
of speed and approached the crossing from the south without
ringing the bell, blowing the whistle or giving any notice.

The deceased was driving a young horse attached to a wagon, and, as testified to by plaintiff's witness, approached the crossing without slackening his speed and without looking in the direction from which the engine was approaching until he got upon the tracks. It appeared indisputably that from a point seventy feet from the crossing the track to the south could have been seen for one hundred and forty-six feet by the deceased, if he had looked, and fifty feet from the crossing he could have seen it for two hundred and twenty feet.

The court held the nonsuit was properly granted.

The following is an extract from the opinion :

"It seems very plain that the duty which rests upon a traveler in approaching a railroad crossing, to look and listen, was not discharged by the intestate. It may be said that he was thrown off his guard by not hearing the engine; by the omission of the defendant's servants to ring the bell or sound the whistle; by the fact that engines or trains were seldom moved on this road on Sunday, and, in addition, it is urged that he could not have looked south without partially turning around, and that if he had seen the engine he would have difficulty in turning his wagon in the highway at that point. But we cannot listen to these suggestions without opening the door to excuses which in the end would subvert the rule which, on the whole, tends, we think, to protect life, viz., that the omission of a railroad company to perform its duty, under circumstances like these, does not justify a traveler on a highway in not observing care on his own part by looking and listening before crossing a railroad track, in order to escape the danger of moving trains. There is no evidence that the intestate did look or listen. On the contrary, the strong inference from the evidence is that he neither looked nor listened, and there is no reasonable ground for the supposition that he was in a position where he had to choose between imminent perils, and that he could not have escaped one without encountering the other.

"We think the judgment of the General Term should be reversed and the judgment of nonsuit affirmed."

*Edwin Young* for appellant.

*A. D. Wait* for respondent.

ANDREWS, J., reads for reversal of order of General Term and for affirmance of judgment.

All concur, except DANFORTH, J., dissenting, and PECKHAM, J., not voting.

Order reversed and judgment affirmed.