## WYMORE v. MAHASKA COUNTY.

**Parent and Child:** INJURY TO CHILD: CONTRIBUTORY NEGLIGENCE OF PARENT. Where a child is killed through the negligence of another, his administrator may recover for the wrong, though the parents of the child may have been guilty of negligence contributing to the injury; and such right to recover is not affected by the consideration that the negligent parents will inherit his estate, though their·negligence would prevent a recovery in their own right. (*Slater v. Railway Co..* 71 Iowa, 209, *distinguished:* See opinion for an array of authorities *pro* and *con.*)

*Appeal from Poweshiek District Court.*—HON. W. R. LEWIS, Judge.

FILED, OCTOBER 10, 1889.

PLAINTIFF, as the administrator of the estate of Artemus Smith, deceased, seeks to recover damages resulting from the death of decedent, alleged to have been caused by negligence on the part of defendant. After the evidence had been submitted, the jury were

instructed to return a verdict for the defendant, which they did. Judgment was rendered on the verdict, and plaintiff appeals.

*Bolton & McCoy* and *G. C. Morgan*, for appellant.

*John F. Lacey* and *Blanchard & Preston*, for appellee.

ROBINSON, J.—In August, 1883, Henry Smith, with his family, consisting of his wife, a daughter and plaintiff's intestate, then about two years of age, attempted to drive over a county bridge of defendant in a wagon drawn by two horses. The bridge fell while the team was on it, and the wagon and its occupants fell to the stream below. The fall resulted in the death of the mother and plaintiff's intestate. The plaintiff claims that at the time in question the bridge was out of repair, and in a dangerous condition, and that defendant is chargeable with knowledge of that fact; that it fell in consequence of that condition; and that decedent did not contribute to the injuries of which plaintiff complains.

I. It seems to be conceded, and the record satisfies us, that the jury were instructed to return a verdict for defendant on the ground that the father and mother of decedent were not shown to be free from negligence which contributed to his death. It is not claimed that he could have been guilty of contributory negligence, but it is insisted that negligence on the part of his parents would be imputable to him ; hence that it was necessary for plaintiff, in order that he might recover, to show that the negligence of the parents did not contribute to the injury in controversy. So far as we are advised, the question now presented to us has never been directly determined by this court, although it seems to have been assumed in some cases that the negligence of the parent might be imputed to the child. Of that kind is the case of *Walters v. Railway Co.*, 41 Iowa, 78; but in that it was held that the negligence of

the person in whose charge the parents had placed the child could not be imputed to the parent, and through the parent to the child. In *Slater v. Railway Co.*, 71 Iowa, 209, the point was expressly reserved from decision. The doctrine of imputable negligence was considered in *Nesbit v. Town of Garner*, 75 Iowa, 315, but the question now under consideration was not involved in that case. That the negligence of the parent is imputable to the child has been affirmed by numerous courts of high standing. See *Hartfield v. Roper*, 21 Wend. 615; *Morrison v. Railway Co.*, 56 N. Y. 302; *Thurber v. Railway Co.*, 60 N. Y. 327; *Lynch v. Smith*, 104 Mass. 53; *Gibbons v. Williams*, 135 Mass. 335; *Fitzgerald v. Railway Co.*, 29 Minn. 336; *Brown v. Railway Co.*, 58 Me. 384; *Leslie v. City of Lewiston*, 62 Me. 468; *Hathaway v. Railway Co.*, 46 Ind. 26; *Railway Co. v. Grable*, 88 Ill. 442; *Railway Co. v. Smith*, 28 Kan. 542; *Meeks p. Railway Co.*, 52 Cal. 603; *Stillson v. Railway Co.*, 67 Mo. 674. Among the cases holding to the contrary are the following: *Railway Co. v. Snyder*, 18 Ohio St. 408; *Huff v. Ames*, 16 Neb. 139; *Railway Co. v. Moore*, 59 Tex. 64; *Railway Co. v. Schuster*, 113 Pa. St. 412; 6 Atl. Rep. 269; *Robinson v. Cone*, 22 Vt. 214; *Daley v. Railway Co.*, 26 Conn. 591; *Railway Co. v. Ormsby*, 27 Gratt. 476; *Boland v. Railway Co.*, 36 Mo. 489; *Whirley v. Whiteman*, 1 Head, 619; Beach, Contrib. Neg., secs. 41–43. See *Battishill v. Humphreys*, 64 Mich. 514; 1 Shear. & R. Neg., secs. 70–83, and notes. It seems to us that the authorities last cited announce the better rule. The parent is not in any proper sense the agent of the child. The former is required to give to the latter care, protection and support, and in return may exact service and obedience. But these duties are imposed by law, and are not the result of any contract between the parties. In this case the child was taken into the wagon, and exposed to the accident which resulted in his death, without volition on his part. He certainly was free from fault. If his parents, by their negligence, contributed to his death, that does not seem to us to be

a sufficient reason for denying his estate relief. Such negligence would prevent a recovery by the parents in their own right. *Smith v. Railway Co.*, 92 Pa. St. 450; *Huff v. Ames*, 16 Neb. 139; *Railway Co. v. Snyder*, 24 Ohio St. 670; 1 Shear. & R. Neg., sec. 71; *Railway Co. v. Schuster*, 113 Pa. St. 412; 6 Atl. Rep. 269; *Glassey v. Railway Co.*, 57 Pa. St. 172. See, also, *Albertson v. Railway Co.*, 48 Iowa, 294; Beach, Contrib. Neg., sec. 44; *Coal & Iron Co. v. Brawley*, 83 Ala. 371; 3 South. Rep. 556; *Railway Co. v. Wolf*, 59 Ind. 90. But it appears to us to be unjust and contrary to reason to hold that the irresponsible child should be responsible for the wrongful acts of his parents or others who may have him in charge. He is incapable by himself of committing any act of negligence, and cannot authorize another to commit one; therefore it seems unreasonable to require him or his estate to suffer loss because of the neglect or unauthorized acts of his parents or others. Some authorities seem to make a distinction between cases where the contributory negligence of the parent occurs while he has the child under his immediate control, and other cases which occur when the child is away from the parent; but we are of the opinion that there is no sufficient ground for the distinction claimed. The authority of the parent does not depend upon the proximity of the child.

II. It is claimed that appellant ought not to recover, for the reason that it is not shown that the parents of the child were free from contributory negligence; and, since they inherited his estate, the rule which would bar a negligent parent from recovering in such a case in his own right ought to apply. But plaintiff seeks to recover in the right of the child, and not for the parents. It may be that a recovery in this case will result in conferring an undeserved benefit upon the father, but that is a matter which we cannot investigate. If the facts are such that the child could have recovered had his injuries not been fatal, his administrator may recover the full amount of damages which the estate of the child sustained.

III.    Other questions are discussed by counsel, but as they are of such a nature as not to be likely to arise on another trial they need not be further considered. The judgment of the district court is

REVERSED.