# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## N. & W. R. R. Co. v. GROSECLOSE'S ADM'R.

88 267
89 782

88 267
97 425

### July 16th, 1891.

1. NEGLIGENT INJURIES—*Children—Parents—Contributory negligence.*—Where by railroad company's negligence a child of tender age and *non sui juris* is injured, the contributory negligence of its parents is not imputable to the child, whether the action for damages is brought by the child itself or by its personal representative, and the company is liable.

2. IDEM—*Rule under Code, § 3484.*—Where the evidence, and not the facts, is certified, and the defendant in such action is the exceptor, any evidence it may have adduced, tending to show contributory negligence on the part of the exceptee and contrary to the exceptee's evidence, must be rejected.

3. IDEM—*Passengers—Tickets.*—The purchase of a ticket before entering a railroad train is not necessary to constitute a person a passenger.

4. IDEM—*Evidence—Hearsay.*—Declarations of mother of injured child passenger immediately after accident, are mere hearsay, and no more binding estate of child than would declarations of a stranger.

5. IDEM—*Case at bar.*—Father and mother, with their five children, two under five years of age, the other three under twelve, went to station on defendant's railroad to take train as passengers. He bought two whole and two half tickets. The train was a local freight train, with caboose for passengers. After it had stopped, and passengers were getting out of caboose, father, with one child, went up the steps into the car, followed by a friend with another. Mother followed, and just as she had gotten up the steps, without any signal from whistle or bell, but only at a slight wave of the hand from conductor to engineer, the train, with sudden and violent jerk, started backward, the steps of the caboose striking the deceased, a child of tender years, who was standing on the end of the ties, and throwing him under the wheels of the train, and causing his death. Conductor had seen the parties approaching the caboose, with their luggage, but paid no attention to them;

HELD:

The defendant company was negligent and liable.

Error to judgment of circuit court of Washington county, rendered January 21st, 1890, in action of trespass on the case, wherein M. L. Groseclose, administrator of Marco S. Groseclose, deceased was plaintiff, and the Norfolk & Western Railroad Company was defendant. Verdict and judgment being for plaintiff, defendant brought the case here on writ of error and *supersedeas.* Opinion states the case.

*Fulkerson, Page & Hurt,* for plaintiff in error.

*F. S. Blair* and *Daniel Trigg,* for defendant in error.

LEWIS, P., delivered the opinion of the court.

The action was to recover damages for the alleged negligent killing of the plaintiff's intestate, a child five years and one month of age. On the 9th of February, 1888, M. L. Groseclose, accompanied by his wife and five children, went to Meadow View, a station on the defendant's road, in Washington county, to take a train for Rural Retreat, in Wythe county. He purchased of the depot agent at Meadow View two whole tickets and two half tickets for himself and family. Of the five children, two were under five years of age; the other three were over that age, but under twelve.

Before the arrival of the train at the station, the father asked and secured the assistance of three gentlemen, who were present, to get the children on the car. The train was a local freight train, having at its rear end a caboose for passengers. Upon the arrival of the train, and after it had stopped, the children and their adult attendants left the depot platform, and started for the train. Several passengers alighted from the caboose car, when Groseclose, the father, with one of the children, went up the steps and into the car. He was followed by a Mr. Naff, who carried another child. Following Naff was Mrs. Groseclose, but just as she had gotten up the steps,

the train with a violent and sudden jerk started backwards, the steps of the caboose striking the deceased, who was standing on the ends of the ties, and throwing him under the wheels of the train, which passed over and crushed his left leg, and inflicted other injuries, which caused his death the same day.

The conductor of the train saw the party approaching the caboose, with the luggage, but paid no attention to them. In fact, he went in another direction, to see, as he says, about the freight. And not only this, but he deliberately ordered a brakeman to signal the engineer to back the train, when he knew, or ought to have known, that passengers were in the act of getting on, to whom no warning whatever was given. The whistle on the engine was not sounded, nor the bell rung, and the only signal to the engineer was a slight wave of the brakeman's hand.

Under these circumstances, a clearer case of culpable negligence, or the violation of the duty of a railroad company, as a part of the implied contract to carry safely, to give its passengers time to get off and on in safety, could hardly be imagined. Whart. Neg, sec. 648; *N. & W. R. R. Co.* v. *Prinnell*, 12 Va. L. J. 72.

The company, however, contends it was negligence on the part of the parents to allow the deceased to stand at the place he was when struck, and that their contributory negligence bars a recovery. It is conceded that the deceased himself, by reason of his tender years, was *non sui juris*, and, therefore, incapable of contributory negligence.

There was evidence for the company, on the question of the parent's negligence, tending to show that the deceased when struck was standing behind the car, between the rails, apparently attempting to climb upon the bumper. But this evidence must be rejected, because it is in conflict with the plaintiff's evidence, which shows that he was not between the rails, but was standing near the car, on the ends of the ties. We say the

evidence must be rejected, because as the evidence, not the facts, being certified, the case stands in this court as on a demurrer to evidence; and viewing the case in this light, the charge of contributory negligence is not sustained. But that is a wholly immaterial question in this action. When the suit is by a parent for the loss of service caused by an injury to the child, the contributory negligence of the plaintiff is a good defence; but such negligence is not imputable to the child, and is consequently not to be considered, when the suit is by the child, or its personal representative. Shearm & R. Neg., sec. 48a; *Gleassy* v. *Hestonville, &c., R. R. Co.* 57 Pa. St. 172; *Huff* v. *Ames*, 16 Neb. 139; 49 Am. Rep. 716.

The doctrine of *Hartfield* v. *Roper*, 21 Wend. 615, has been repudiated in this state, as in many other states of the Union, and the doctrine established as just stated. Beach, Cont. Neg. sec. 42; *N. & P. R. R. Co.* v. *Ormsby*, 27 Gratt. 455; *Railroad Co.* v. *Snyder*, 18 Ohio St. 408; *Railway Co.* v. *Moore*, 59 Tex. 64; *Railway Co.* v. *Schuster*, 113 Pa. St. 412; *Robinson* v. *Cone*, 22 Vt. 214; *Daley* v. *Railroad Co.*, 26 Conn. 591; *Smith* v. *Railway*, 92 Pa. St. 450; *Pratt Coal Co.* v. *Bramley*, 83 Ala. 371; *Wymore* v. *Mahaska County*, 78 Iowa, 396; 43 N. W. Rep. 264; *Sioux City, &c., R. R. Co.* v. *Stout*, 17 Wall. 657; 4 Am. & Eng. Encyc. of Law, 88, and cases cited.

Hence, when the facts are such that the child could have recovered had his injuries not been fatal, his administrator may recover, without regard to the negligence or presence of the parent, at the time the injuries were received, and although the estate is inherited by the parent. Of course, it is essential to a recovery in any case that negligence on the part of the defendant be shown. But when that is proven in a suit by the child, the parent's negligence is no defence, because it is regarded not as a proximate but as a remote cause of the injury. And the reason lies in the irresponsibility of the child, who, itself being incapable of negligence, cannot authorize it in another. It is not correct to say that the parent is the agent

of the child, for the latter cannot appoint an agent. The law confides the care and custody of a child *non sui juris* to the parent, but if this duty be not performed, the fault is the parent's, not the child's. There is no principle, then, in our opinion, upon which the fault of the parent can be imputed to the child. To do so is to deny to the child the protection of the law. Whart. Neg. sec. 312; Patterson, R'y Acc. Law, 93; *Wymore* v. *Mahaska County, supra.*

In the last-mentioned case, which was an action by the administrator of a deceased child, two years of age, whose death was caused by the breaking of a bridge upon which the child was driven in a carriage by its parents, the Supreme Court of Iowa, after announcing the same doctrine, adds:

" Some authorities seem to make a distinction between cases where the contributory negligence of the parent occurs while he has the child under his immediate control, and other cases which occur when the child is away from the parent; but we are of opinion that there is no sufficient ground for the distinction claimed. The authority of the parent does not depend upon the proximity of the child."

.This view seems to us correct in principle, and is undoubtedly supported by the great weight of authority. In a recent work, wherein the subject is discussed and the cases are collected, the learned author says:

" A doctrine formerly obtained in some courts of this country called *imputed negligence,* under the operation of which, if a child, of such tender age as not to be capable of caring for its own safety, was negligently exposed to danger by its parent or guardian and injured, the negligence of the parent or guardian would be imputed to the child, and the child could not recover damages for the injury; but this rule," he adds, " though approved at one time in several American jurisdictions, has been denied in others, and seems fast going by the board." 2 Thomp. Trials, sec. 1687.

Another point made by the company is, and the court at the trial was asked, in effect, to instruct the jury, that if the father of the child, at the time of the accident, was endeavoring to take it on the train without paying fare, then it could not be considered a passenger, and the liability of the company was not to be determined by the law relating to carriers and passengers.

This instruction was rightly refused. The purchase of a ticket, before entering a railroad train, is not necessary to constitute a person a passenger, nor is there any evidence in the case tending to show that the father was attempting to defraud the company, or was not acting in perfect good faith. It does not appear, moreover, that he knew a ticket for the deceased was required. The conductor of the train, a witness for the company, testified that tickets for children under *six* years of age were not required. In point of fact, however, the regulations of the company require half-rate tickets for children between the ages of five and twelve years. But if the conductor of the train was ignorant of that requirement, would it be strange if the father of the deceased was also? This is a matter, however, of no importance whatever. The deceased, undoubtedly, was a passenger, and as such entitled to the utmost degree of diligence and care on the part of the company in looking out for his safety. 2 Wait, Ac. & Def. 65; *B. & O. R. R. Co.* v. *Noell,* 32 Gratt. 394; *S. V. R. R. Co.* v. *Moose,* 83 Va. 827.

Complaint is also made of the action of the circuit court in refusing to permit the defendant to prove the declarations of the mother of the child immediately after the accident. The assignment of error on this point is general in its terms, and no reasons are urged in support of it; nor are we aware of any principle upon which the declarations were admissible. The mother is not a party to the suit, nor interested in the result. Her declarations were merely heresay,

and no more bind the estate of the deceased than would the declarations of any stranger. There was no error, therefore, in excluding them.

In short, we find no error in the record, and the judgment must be affirmed.

RICHARDSON, J., concurred in the result.

JUDGMENT AFFIRMED.