1. RAILROADS—NEGLIGENCE—KILLING OF CHILD—IMPUTED NEGLIGENCE.

   Where plaintiff negligently drove in front of an engine on the defendant company's track, whereby his child, of 18 months, who was riding on its mother's lap, was thrown out and killed, the negligence of the father was not imputable to the child.

2. WRONGFUL DEATH—RECOVERY BY PARENT—CONTRIBUTORY NEGLIGENCE.

   Under Code Civ. Proc. § 1902, giving the administrator of a decedent who has left surviving him or her a husband, wife, or next of kin a right of action for wrongful death against whoever would have been liable to an action in favor of decedent if death had not ensued, where a child of 18 months was killed by its father negligently driving on the defendant's track the father is entitled to recover for the death of the child, because of defendant's negligence in not sounding any warning, where his contributory negligence was not willful or intentional, since the right is given by the express words of the statute.

   Williams, J., dissenting.

Appeal from trial term, Monroe county.

Action by William Lewin, as administrator, against the Lehigh Valley Railroad Company. From a judgment in favor of plaintiff, and an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

George F. Yeoman, for appellant.

Thomas Raines, for respondent.

McLENNAN, J.   On the 9th day of January, 1898, the defendant was engaged in operating a double-track railroad which extends substantially east and west in the town of Farmington, Ontario county, N. Y.   Upon that day the plaintiff, the father of the decedent, was riding in a light lumber wagon, drawn by an old, gentle horse, driven by him, along a highway leading from the southwest to the northeast, across the railroad tracks of the defendant, at an angle of about 25°. The plaintiff and a young man were sitting upon a spring seat in the forward part of the wagon, and between them a child of the plaintiff, 3½ years old.   Behind them, in the back part of the wagon, facing easterly, the plaintiff's wife was sitting upon a couch, holding the decedent, then about 18 months old, in her arms.   As the wagon got upon the first or southerly track, a light engine approaching from the west came in collision with it.   The decedent was thrown out, and received injuries from which he died.   The plaintiff's wife was also thrown out and injured.   The action was tried upon the theory (and the learned trial justice so charged the jury) that the negligence of the plaintiff, if any, as well as the negligence of the mother, was imputable to the deceased, and that, if the negligence of either contributed to the accident, no recovery could be had.   Four propositions were submitted to the jury for its determination:   First. Was the defendant guilty of negligence which caused the accident?   Second. Was the plaintiff, the father of the deceased, guilty of contributory negligence?   Third.

Was Augusta Lewin, the mother of the deceased, guilty of contributory negligence? Fourth. The amount of damages. The jury, by its verdict, determined each of those propositions favorably to the plaintiff.

In an action brought by the plaintiff's wife, Augusta Lewin, to recover damages for the injuries which she sustained in the same accident, upon substantially the same evidence as is contained in this record, this court held (41 App. Div. 89, 58 N. Y. Supp. 113) that the question of defendant's negligence was a question of fact for the jury. It was also held that the question of the plaintiff's negligence in that case (the mother of the deceased) was also a question of fact for the jury. The question of the negligence of the plaintiff in this case, who was driving, was not passed upon, as it was held to be immaterial, because his negligence was not imputable to his wife. Aside from the questions thus decided, three questions are presented for our determination by this appeal: First. Does the evidence fairly justify the finding of the jury that the plaintiff was free from contributory negligence, or is such finding against the weight of evidence? Second. If the plaintiff was guilty of contributory negligence, is such negligence imputable to the deceased, and so as to prevent a recovery? Third. If the death of the decedent was caused by the negligent act of the plaintiff, who, as next of kin, is entitled to receive the entire amount of the recovery, if any, would that, as matter of law, defeat a recovery, although such negligent act is not imputable to the deceased?

As to the plaintiff's negligence: The accident occurred between 10 and 12 o'clock on the forenoon of a bright, clear day. The wind was blowing about 7 miles an hour, from the direction from which the engine was approaching the crossing. The plaintiff was sitting upon a raised spring seat on the wagon, on the side next to the approaching train. The horse which he was driving was old and gentle, was not afraid of the cars, was under perfect control, and was walking not faster than about 2 miles an hour. There was nothing to divert the plaintiff's attention, and when at a point about 560 feet distant from the place of the accident his wife called his attention to the fact that they were approaching the crossing, and cautioned him to look out for the same. From the highway west the defendant's tracks extend in a straight line for a distance of 1,000 feet, and then curve only 1°. The highway is on substantially the same grade as the railroad tracks and the surrounding country. No other train than the one which came in collision with the wagon was approaching or was in sight. The evidence tends to show that the engine approached the crossing at a speed of 50 or 60 miles an hour, and that the whistle was not sounded or the bell rung. The evidence of the witnesses, many of them in no way interested, and the photographs which were put in evidence, clearly demonstrate that a person driving along the highway from a point 150 feet distant from the south track of defendant's railroad, sitting in a wagon, as was the plaintiff, had an unobstructed view of the railroad to the west for nearly 1,000 feet, and substantially continuously until the crossing was reached. Without going over the evidence in detail, it necessitates the inference that the plaintiff, by the exercise of ordinary care and prudence, could have observed the approaching

train, and have avoided the accident; that he did see it, or failed to exercise such care. Such being the case, he must be deemed to have been negligent. Thomas, Neg. p. 424. In the case of Hoag v. Railroad Co., 111 N. Y. 199, 18 N. E. 648, it was held that if the facts show that a person approaching a railroad crossing could have seen an approaching train, and did not see it, he is guilty of negligence, and cannot recover for injuries sustained by coming in collision with such train. In Smith v. Same (Sup.) 17 N. Y. Supp. 400, the court says:

"The courts, as it seems to us, are not bound by the bare assertion of a party that he used his natural faculties of seeing and hearing before attempting to cross the track, to submit his case to the jury, when it is manifestly untrue, or it is shown that the observation was not opportunely made."

In the case of Nash v. Same, 125 N. Y. 715, 26 N. E. 266, the plaintiff was familiar with the crossing, and in the afternoon of a clear day he drove upon the crossing of defendant's road, where he was struck. At a point within 25 feet of the track he could have seen the train for half a mile. It was held that the plaintiff was chargeable with contributory negligence, and could not recover. The discussion of this question and the rule laid down by the court in Cullen v. President, etc., 113 N. Y. 667, 21 N. E. 716, are especially applicable to the facts of the case at bar. The conclusion is reached that the finding of the jury that the plaintiff was free from contributory negligence is against the weight of evidence.

Assuming that the plaintiff was guilty of negligence which contributed to the accident, was such negligence imputable to the deceased? As we have seen, at the time of the accident the deceased, was only 18 months old, was being held by his mother in her lap, and was in her immediate custody and control. He could do nothing to protect himself, and was entirely dependent upon the mother. Upon the same state of facts, it was held (41 App. Div. 89, 58 N. Y. Supp. 113) that the plaintiff's negligence was not imputable to the mother, and that whether or not she was guilty of negligence was a question of fact for the jury. The jury, by its verdict in this case, found that she was not guilty of negligence, and found, in substance, that she did not do or omit to do any act which she should have done or omitted in the proper discharge of the duty which she owed to the deceased. Under such circumstances, it is clear that, except for the fact that the plaintiff bore the relation of father to the deceased, no claim could be made that the negligence of the plaintiff would prevent a recovery on behalf of the child. If the deceased had been an adult, the plaintiff's negligence would not have been imputable to him. Hoag v. Railroad Co., supra; Lewin v. Lehigh Val. R. Co., 41 App. Div. 89, 58 N. Y. Supp. 113. If the young man riding with the plaintiff had been driving, and had negligently driven upon the track, and thus caused the accident, clearly such negligence would not have prevented a recovery on behalf of the deceased. It was the negligent act of the plaintiff as driver which caused the accident, and we think the fact that such driver bore the relation of father to the deceased is, under the circumstances, entirely immaterial, and that his negligence is not imputable to the deceased. The precise question, arising upon a state of facts almost identical with the facts in this.

case, was decided in Hennessey v. Railroad Co.; 6 App. Div. 206, 39 N. Y. Supp. 805. In that case the plaintiff, an infant 21 months old, was riding with her father and mother in a phaeton which was being drawn by a horse driven by the father, and the plaintiff was held by her mother in her lap. The father negligently drove upon the crossing of the defendant's railroad, and the infant plaintiff was injured. It was held that the negligence of the father was not imputable to the infant, and that, the mother being free from contributory negligence, the plaintiff was entitled to recover. Mr. Justice Cullen, in writing the opinion of the court, says:

"In this case the child, while in law subject to the paramount guardianship of the father, was in the immediate custody of the mother. Its extreme youth rendered it necessary that, except while in the house, some one must have not merely legal control, but almost actual personal possession, of the child. Here that person was the mother, who held the child in her arms. It should, for the purposes of this action, be deemed as in her immediate custody, not as in the custody of both parents, or of the father alone. The attention or care that at the time was to be bestowed upon it, from its helpless condition, because it was an infant and not an adult, was to proceed from the mother. The care that the father was to exercise, he was to exercise whether the plaintiff was non sui juris or an adult,—whether it was his child or a stranger's. The mother's negligence was therefore properly to be attributed to the child, but not that of the father."

While we think the question is not entirely free from doubt, we are inclined to follow the unanimous decision of the court in that case, and hold that the negligence of the plaintiff in this case was not imputable to the deceased. If we are right in this conclusion, the error of the learned trial justice in charging the jury that the plaintiff's negligence was imputable to the deceased in no manner prejudiced the defendant. The question of plaintiff's negligence was submitted to the jury, and they found adversely to the defendant's contention. It is concluded that such finding was against the weight of evidence, but if it be assumed that, as matter of law, the plaintiff was guilty of negligence which contributed to the accident, that fact would not be available to the defendant as a defense to this action. In view of the conclusions reached, it is entirely immaterial whether the plaintiff was or was not guilty of negligence. If he was not, as the jury found, that branch of defendant's defense falls. If he was, and his negligence was not imputable to the deceased, it is not available as a defense. The case was submitted to the jury not only upon the theory that the plaintiff's negligence would bar a recovery, but the jury was expressly charged that, if it found the mother of the deceased was guilty of negligence, then no recovery could be had. The jury found that she was free from negligence, and the evidence amply justified such finding.

The only remaining question to be considered is whether or not the plaintiff is entitled to recover, assuming that his wrongful or negligent act contributed to the accident which resulted in the death of his child, because of the fact that under the statute the plaintiff, as next of kin, is entitled to receive the damages resulting from such death. It is conceded by counsel that this question has not been directly passed upon by the courts of this state. The statute under which this action is brought provides:

"The executor or administrator of a decedent, who has left him or her surviving a husband, wife or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which would have been liable to an action in favor of the decedent, by reason thereof, if death had not ensued." Code Civ. Proc. § 1902.

Upon the facts, the decedent, if living, could have maintained an action to recover the damages sustained by him, caused by the negligence of the defendant. Therefore by the express terms of the statute the action is maintainable by the plaintiff. The statute does not contain the limitation contended for by the defendant. If the deceased had left several next of kin him surviving, all similarly situated as to him, each would have been entitled, under the statute, to a pro rata share of any recovery which might be had. If the negligence of one of such next of kin contributed to the accident which resulted in the death, would such negligence prevent a recovery? Certainly the rights of those who were free from negligence ought not to be thus affected; and, if so, then, in such case, should a jury be instructed to deduct from its verdict the share of the one negligent? It is apparent that the rule contended for by defendant's counsel would lead to great confusion in the administration of the law in this class of cases, and ought not to be adopted except for substantial reasons. There is nothing to indicate that the legislature intended that such construction should be placed upon the statute, but, on the contrary, its language would seem to forbid such an interpretation. The rule that one shall not claim, at the hands of the law, a benefit which results from a wrong done by himself, has only been held to apply, by the courts of this state, to willful wrongs. Riggs v. Palmer, 115 N. Y. 506, 22 N. E. 188, 5 L. R. A. 340. In that case a man had murdered his grandfather in order that he might obtain his property under a will, and it was held he could not take the property. Judge Earl, writing the opinion of the court, said:

"No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. Those maxims are dictated by public policy, have their foundation in universal law administered in all civilized countries, and have nowhere been superseded by statutes."

The negligent act of the plaintiff was not fraudulent, iniquitous, or criminal, was not intentional or willful, and, we think, does not come within the rule stated by the learned jurist. Although the word "wrongful" is sometimes used to characterize a negligent act, it may more properly be called a careless, heedless, or thoughtless act, implying no intentional omission of duty. Before a person chargeable with merely such acts is deprived of an important right conferred by the express words of a statute, such an intention should be clearly indicated, or, at least, it should be apparent that to confer such right is violative of some fundamental maxim of law of universal application. We do not conceive that any question of public policy is involved. If the plaintiff's act had been intentional,—if he had willfully driven upon the track for the purpose of injuring the decedent, so that he might gain thereby or recover damages therefor,—the rule laid down in Riggs v. Palmer, supra, would apply, and

no recovery could be had. The legislature has, in substance, declared by the statute in question that, where the death of a person is caused by the negligent act of another, the next of kin may recover from such negligent party the damages sustained thereby, notwithstanding the negligence of such next of kin contributed thereto. The doctrine contended for by the learned counsel for the defendant is, in effect, held in Bamburger v. Railway Co., 95 Tenn. 18, 31 S. W. 163, 28 L. R. A. 486; City of Pekin v. McMahon, 154 Ill. 141, 39 N. E. 484, 27 L. R. A. 206; Koons v. Railroad Co., 65 Mo. 592; Baltimore & O. R. Co. v. State, 30 Md. 47; Railway Co. v. Herbeck, 60 Tex. 602. The contrary doctrine was held in Wymore v. Mahaska Co., 78 Iowa, 396, 43 N. W. 264, 6 L. R. A. 545. In that case the court said:

"It is claimed that appellant ought not to recover, for the reason that it is not shown that the parents of the child were free from contributory negligence, and, since they inherited his estate, the rule which would bar a negligent parent from recovering in such a case in his own right ought to apply. But plaintiff seeks to recover in the right of the child, and not for the parents. It may be that a recovery in this case will result in conferring an undeserved benefit upon the father, but that is a matter which we cannot investigate. If the facts are such that the child could have recovered had his injuries not been fatal, his administrator may recover the full amount of damages which the estate of the child sustained."

Railroad Co. v. Groseclose's Adm'r, 88 Va. 267, 13 S. E. 454.

While the weight of authority outside of this state would seem to support the contention of the learned counsel for the appellant, in view of the express words of the statute, and for the reasons above indicated, we are constrained to hold that the plaintiff is entitled to recover, notwithstanding the evidence may be held to establish contributory negligence on his part, and that the judgment and order appealed from should be affirmed, with costs.

Judgment and order appealed from affirmed, with costs.

ADAMS, P. J., and SPRING, J., concur. LAUGHLIN, J., concurs in result. WILLIAMS, J., dissents.