DANIEL O'SHEA, as Administrator, etc.; of DENNIS O'SHEA, Deceased, Respondent, *v.* LEHIGH VALLEY RAILROAD COMPANY, Appellant.

*Negligence of a father contributing to a railroad collision — he cannot, as adminis-trator of his son killed therein, recover therefor, he being the sole next of kin.*

A man, whose infant son was killed in a railroad collision and who, under the statutes of the State of New York, as his sole next of kin, would be entitled to the entire sum recovered from the railroad company in an action to recover damages resulting from the boy's death, cannot, as administrator of his son, maintain such an action when it appears that his own negligence contributed to the intestate's death.

APPEAL by the defendant, the Lehigh Valley Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cortland on the 29th day of October, 1901, upon the verdict of a jury for $4,000, and also from an order entered in said clerk's office on the 24th day of April, 1902, denying the defendant's motion for a new trial made upon the minutes.

On the evening of the 17th day of March, 1901, the plaintiff with his son, the decedent, who was then between eight and nine years of age, and one F., were riding in an open sleigh drawn by one horse, and when crossing the tracks of the defendant's railroad they were struck by an engine, and F. and the decedent were killed and the plaintiff was injured. The plaintiff was duly appointed adminis-trator of the decedent, and as such administrator has brought this action to recover damages for the death of his son. The action was tried before the court and a jury, and resulted in a verdict in favor of the plaintiff. The court in charging the jury said: "This boy was eight and a half years of age, and the question which the Court submits to the jury is, whether he was, under the circumstances, what is known in law as *sui juris* or *non sui juris;* that is, a boy to be *sui juris* must have arrived at the age of discretion, when he was capable of comprehending the danger and possessed sufficient intelligence to take care of himself. Now, gentlemen, if this boy had arrived at discretion, was capable of comprehending danger and possessed sufficient intelligence to take care of himself, he was in law *sui juris*, and liable only for his own contributory negligence;

but if you shall find that he was *sui juris*, that he had arrived at the discretion that the Court has called your attention to, then he was liable to the exercise of the care and caution which an infant of that age might reasonably be expected to exercise under a like situation and under like circumstances; but if, upon the other hand, the jury shall find that he was *non sui juris*, that is, that he had not arrived at discretion when he was capable of comprehending danger and possessed of sufficient intelligence to take care of himself, then the negligence of the father — if the jury shall find that the father, Daniel O'Shea, was negligent — would be imputed to the child, and the child would be held guilty of the failure of the father to use reasonable care in approaching and attempting to cross this crossing, and if the jury shall find that this boy was *non sui juris*, and that the father was guilty of a failure to use such reasonable care, then there could be no recovery."

At the close of the charge defendant's counsel requested the court to further charge: "I request the Court to charge that under the circumstances of this case, if the jury find that the accident was occasioned by the negligence of the plaintiff, the father, or his negligence in any way contributed thereto, there can be no recovery in this action, and the verdict must be for the defendant; that is, whether the jury find that the plaintiff's intestate was *sui juris* or *non sui juris*." The court refused to charge other than as already charged, to which defendant duly excepted.

*George M. Diven*, for the appellant.

*O. U. Kellogg* and *T. E. Courtney*, for the respondent.

CHASE, J. :

The plaintiff, as the sole next of kin of the deceased, is entitled to any recovery obtained in this action. (Code Civ. Proc. § 1903.) The question is here fairly presented, whether a person who would be entitled to the entire recovery, can, as administrator of a decedent, recover damages from another for negligence by which the decedent's death was caused, where such person's own negligence contributed to such death. This case is not governed by the much-discussed rules relating to imputed negligence. It is a simple question as to whether a person shall profit by his own wrong. The common-law rule that prevents a person who shares with another

in bringing an injury upon himself from recovering damages against the person who so shares with him in producing such injury is of general application. It is in no way limited to injuries occasioned by crime or willful affirmative acts. The contributory negligence of a parent is universally held to bar an action for loss of services of a child caused by an injury occasioned by negligence. Such contributory negligence would bar any action that plaintiff could bring in his own right. Assuming that decedent's death was caused by the negligence of both the plaintiff and the defendant, a recovery herein could only be sustained by construing the statute (Code Civ. Proc. § 1902) as expressly authorizing such recovery. The Legislature in providing by statute that the executor or administrator of a decedent may maintain an action to recover damages against a person or corporation by whose negligence the decedent's death was caused when an action therefor could have been maintained by decedent, if death had not ensued, should not be held to have intended to change the common-law rules in their application to the facts constituting the negligence or as affecting the right of recovery.

In *Riggs* v. *Palmer* (115 N. Y. 506) the court, by EARL, J., say : "It is a familiar canon of construction that a thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter; and a thing which is within the letter of the statute is not within the statute, unless it be within the intention of the makers. The writers of laws do not always express their intention perfectly, but either exceed it or fall short of it, so that judges are to collect it from probable or rational conjectures only, and this is called rational interpretation."

The court further say : " All laws as well as all contracts may be controlled in their operation and effect by general, fundamental maxims of the common law. No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. These maxims are dictated by public policy, have their foundation in universal law administered in all civilized countries and have nowhere been superseded by statutes."

Why should the maxims quoted be applied in construing the statute where plaintiff seeks to recover damages occasioned by his

own iniquity or crime, and not be applied where plaintiff seeks to recover damages occasioned by his failure to exercise the care required of him by law? We cannot conceive of a reason that will prevent a plaintiff from recovering damages for injuries to his own person and property, and at the same time allow him to recover for his personal benefit damages arising by reason of the same state of facts resulting in the death of his son.

The fact that the action is in the name of the plaintiff as administrator is a matter of form and not of substance. The action is really for the plaintiff individually. We do not consider that the question here presented has been settled in this State.

In *Metcalfe* v. *Rochester Railway Co.* (12 App. Div. 147) the court say: "There is a class of cases, not brought by infants for their own benefit, but brought to recover for loss of services by parents of children and by masters of apprentices whose negligence contributed to the injury of the child or apprentice, holding that the negligence of the parent or master is a defense. These cases do not rest on the doctrine of imputed negligence, though the term is sometimes carelessly used in such cases. A plaintiff who is *sui juris* is not allowed to recover, for his own benefit, damages caused by the concurrent negligence of himself and of the defendant, no matter whether the person injured is the plaintiff, his wife, his child or his servant.

"It has been said, though perhaps not well settled, that in case an infant is killed by the concurrent negligence of the defendant and of a person who subsequently becomes a plaintiff as administrator of the infant, if the whole recovery is to be distributed to the negligent plaintiff, the case falls within the class above referred to."

In *Lewin* v. *Lehigh Valley R. R. Co.* (52 App. Div. 69) it was held that such concurrent negligence was not a defense. In that case the conclusion was reached by a divided court. The judgment in that case was affirmed by the Court of Appeals (165 N. Y. 667), but the effect of the contributory negligence on the part of the beneficiary was not passed upon by the court.

The court say : " The judgment upon the verdict which the jury rendered in favor of the plaintiff has been affirmed by the Appellate Division, although by a divided court, and, therefore, the interest-

ing question as to the effect of the plaintiff's contributory negligence upon his right to recover, discussed in the opinion rendered at the Appellate Division, is not before us." We think that the weight of authority in other States is against the decision in *Lewin* v. *Lehigh Valley R. R. Co.* (*supra*).

In *Bamberger* v. *Citizens' Street Railway Co.* (95 Tenn. 18) the court say : "The underlying principle in the whole matter is, that no one shall profit by his own negligence, and to allow the father who has been guilty of negligence to recover, notwithstanding that negligence, when he brings the suit as administrator, although he could not do so in his own right, would be to defeat this underlying principle by a mere change of form, when the entire recovery in either event goes to him alone. Upon principle we think that no matter how the suit is brought, whether as administrator or as father, it can be defeated by the father's contributory negligence when he is sole beneficiary."

In *Atlanta, etc., Railway Co.* v. *Gravitt* (93 Ga. 369) the court say : "We will now pass as next in order to a consideration of what are the rights of a parent in an action brought in his own behalf for the injury or homicide of an infant child, occurring under circumstances of concurrent negligence on the part of both such parent and of the defendant to the suit. Quite a different rule prevails where the suit is brought not by the child himself, or by another in his behalf, but by the child's parent, or by one standing *in loco parentis* and having a legal interest in his life. In such case negligence on the part of the child's parent or custodian may utterly defeat a recovery. The reason for this is apparent, and has been uniformly recognized and sanctioned. It rests upon the broad ground of common justice that one whose negligence has brought about a calamity to a little one whom he is legally bound to watch over and protect from injury cannot be allowed to profit by the results of his own inexcusable if not criminal neglect and misconduct."

In *City of Pekin* v. *McMahon* (154 Ill. 141) the court say : "In *Chicago City Ry. Co.* v. *Wilcox* (138 Ill. 370) we held that where a suit for damages caused by the negligence of the defendant is brought by a child of tender years, the negligence of his parents cannot be imputed to him in support of the defense of contributory

negligence.   Here, however, the suit is brought by the father as administrator of a deceased child.   In such a case the contributory negligence of the parent, if it exist, may be shown in bar of the action.   (*Chi. City Ry. Co.* v. *Wilcox, supra.*)"

In *Wolf, Admr.,* v. *Railway Company* (55 Ohio St. 517) the court say : " As the parent cannot recover for loss of services when he himself contributed to the injury which caused the loss, can the intervention of the personal representative who is a mere trustee, having no interest either for himself or the estate he represents, shield him from the usual consequences of such negligence ?   I should say not.   The damages for loss of services and those arising from the wrongful death are the same in principle and should be governed by the same rules as to defenses.   The damages for wrongful death are such as are proportioned to the pecuniary injury resulting to the parent from death caused by such injury.   Such is the provision of the statute.   The damage for loss of services are the same, being the pecuniary loss resulting to the parent from the injury to the child.   If the parent by his negligence contributes toward the injury which causes the death of the child, he is equally guilty with the other party who by his negligence caused the injury ; and when both parties, by their combined negligent acts, bring about an injury neither party can sustain an action for damages against the other.

" To award damages to a parent guilty of contributory negligence in such case would permit him to profit by his own wrong and besides it would be in direct conflict with the universal rule as to contributory negligence."   To the same effect are *Koons* v. *St. Louis & Iron Mt. R. R. Co.* (65 Mo. 595); *Baltimore & Ohio R. R. Co.* v. *State use of Fryer* (30 Md. 47); *T. M. Ry. Co. and M. N. C. Co.* v. *Herbeck* (60 Texas, 602); *Chicago & A. R. R. Co.* v. *Logue* (158 Ill. 621); *Westerfield* v. *Levi Bros.* (43 La. Ann. 63); *Tucker* v. *Draper* (62 Neb. 66) and other cases.

The decisions to the contrary, *Norfolk & Western R. R. Co.* v. *Groseclose's Admr.* (88 Va. 267) and *Wymore* v. *Mahaska County* (78 Iowa, 396), are based upon particular statutes under which the actions were brought as pointed out in *Wolf, Admr.,* v. *Railway Company* (*supra*), the court saying: " In those States like Virginia, Louisiana, Iowa and perhaps others in which the damages

arising from the wrongful death survive and become a part of the estate of the deceased, and are inherited from the estate by the named beneficiaries as heirs, the contributory negligence of such heirs does not constitute a defense to an action brought by an administrator for the recovery of such damages, because the damages are part of the estate, and the estate is cast upon the heirs by operation of law."

We are of the opinion that the statute of this State does not authorize a recovery where the sole beneficiary is equally guilty with the defendant in bringing about the injury for which damages are sought to be recovered in the action. We have examined the facts in this case and do not find that the judgment herein should be reversed on the facts. The refusal of the trial court to charge as requested by the defendant was error. This case should be reviewed by the Court of Appeals, and the interesting question here presented should be determined by them.

The judgment should be affirmed on the facts and reversed as a matter of law, and a new trial should be granted, with costs to the appellant to abide the event.

All concurred.

Judgment and order affirmed on the facts and reversed on the law and new trial granted, with costs to appellant to abide event.