James U. McKay, as Administrator of the Estate of Elizabeth McKay, Deceased, Respondent, *v.* Syracuse Rapid Transit Railway Company, Appellant.

Negligence — when contributory negligence of husband is not a defense in action brought by him for death of his wife caused by negligence of defendant.

Where an action is brought by a husband, as administrator, under section 1902 of the Code of Civil Procedure, to recover for the negligent killing of his wife, his contributory negligence is not a defense even though he is the sole beneficiary. (*Littlewood* v. *Mayor*, etc., *of New York*, 89 N. Y. 24, followed.)

*McKay* v. *Syracuse Rapid Transit Ry. Co.*, 148 App. Div. 935, affirmed.

(Argued April 21, 1913; decided May 6, 1913.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 26, 1912, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles E. Spencer* for appellant. The learned trial court committed error in instructing the jury that any negligence upon the part of the plaintiff would not bar his recovery in this action, and in refusing to charge defendant's request that if the jury should find "that the accident was occasioned by the negligence of the plaintiff, or contributed to by his negligence, there can be no recovery in this action   *   *   *," and defendant's exceptions to the charge of the court and to his refusal to charge are well taken. (*O'Shea* v. *Lehigh Valley R. R. Co.*, 79 App. Div. 254.) The ruling of the trial court that contributory negligence on the part of the plaintiff, the sole beneficiary in the action, would not bar a recov-

ery is contrary to the fundamental and universal rule of
the common law in respect to contributory negligence,
and the language of the statute, section 1902 of the Code
of Civil Procedure, does not require that it be construed
to make an innovation upon the common-law rule.
(Beach on Con. Neg. [3d ed.] § 14; 7 Am. & Eng. Ency.
of Law [2d ed.], 371, 372; *White* v. *Wager*, 32 Barb. 250;
*Jones* v. *City of Albany*, 151 N. Y. 223; *Fitzgerald* v.
*Quann*, 109 N. Y. 441; *Bean* v. *Mer. Co.*, 119 N. Y. 540.)
The ruling of the trial court that plaintiff's contributory
negligence would not bar his recovery violates a funda-
mental maxim of the common law "that no one shall
take advantage of his own wrong," and, therefore, should
not be upheld.    (*Riggs* v. *Palmer*, 115 N. Y. 506; *O'Shea*
v. *Lehigh Valley R. R. Co.*, 79 App. Div. 254.)    The
decided weight of authority in states other than New
York is that negligence on the part of a plaintiff who is
sole beneficiary in an action on account of death is a bar to
recovery.    (*Wolf* v. *Ry. Co.*, 55 Ohio St. 517; *Feldman*
v. *Detroit United Ry.*, 162 Mich. 486; *City of Pekin* v.
*McMahon*, 154 Ill. 141; *Ploff* v. *Burlington Traction Co.*,
70 Vt. 509; *Pratt Coal & Iron Co.* v. *Brawley*, 83 Ala.
371; *Davis* v. *Seaboard Air Line Ry.*, 48 S. E. Rep. 591;
*Westbrook* v. *Mobile & O. R. Co.*, 66 Miss. 560; *Koons*
v. *St. Louis & I. M. R. R. Co.*, 65 Mo. 592; *Bamberger*
v. *Citizens' St. Ry. Co.*, 95 Tenn. 18; *Baltimore & O.
R. R. Co.* v. *State*, 30 Md. 47; *Western Union Tel. Co.*
v. *Hoffman*, 80 Tex. 420; *Atlanta, etc., Ry. Co.* v. *Gra-
vitt*, 93 Ga. 369; *Westerfield* v. *Levi Bros.*, 43 La. Ann.
63; *Tucker* v. *Draper*, 62 Neb. 66.)

*Stewart F. Hancock* for respondent.    The trial court,
under the circumstances of this case, correctly refused to
charge that if the jury should find that the accident was
contributed to by the negligence of the plaintiff, there
could be no recovery.    (Code Civ. Pro. §§ 1902, 1903; *Wit-
tleder* v. *Citizens Illuminating Co.*, 47 App. Div. 410;

*Frank* v. *Metropolitan St. Ry. Co.*, 91 App. Div. 485; *Bagley* v. *Smith*, 10 N. Y. 489.) The doctrine advanced by the defendant is opposed to the plain language and intent of the statute. (2 Kinkead's Com. on Torts, 909, § 475; *Hoag* v. *N. Y. C. & H. R. R. R. Co.*, 111 N. Y. 199; *Noakes* v. *N. Y. C. & H. R. R. R. Co.*, 121 App. Div. 716; 195 N. Y. 543; *Littlewood* v. *Mayor*, 89 N. Y. 24; *Quinn* v. *Moore*, 15 N. Y. 432.) The proposition that no one should profit by his own wrong is not only not an argument why a next of kin guilty of contributory negligence should not recover the damages which he has sustained, but it is the best of arguments why a negligent defendant should not escape the consequences of its own wrong, because it kills instead of maims. (Code Civ. Pro. § 1904; *Matter of Meekin* v. *B. H. R. R. Co.*, 164 N. Y. 145; *Riggs* v. *Palmer*, 115 N. Y. 506.) The intention of the legislature to subject a negligent defendant to exactly the same liability in case of death as of injury, without exception, is clearly shown because of its failure to provide for the contingencies which must arise if it is to become the law that a next of kin who has been guilty of contributory negligence cannot recover damages because of the negligent killing of his intestate. (Code Civ. Pro. §§ 1902, 1903; *Mundt* v. *Glockner*, 24 App. Div. 110; *Matter of Meekin* v. *B. H. R. R. Co.*, 164 N. Y. 145; *C., C. & C. R. Co.* v. *Crawford*, 24 Ohio St. 631; *Wolf* v. *Ry. Co.*, 55 Ohio St. 534.) The weight of authority in this state is contrary to the doctrine advanced by the defendant. (*McMahon* v. *City of New York*, 33 N. Y. 642; *Lewin* v. *Lehigh Valley R. R. Co.*, 52 App. Div. 69; *Smith* v. *Lehigh Valley R. R. Co.*, 188 N. Y. 545; *Stenson* v. *Flick Construction Co.*, 130 N. Y. Supp. 555; *McKay* v. *Syracuse Rapid Transit R. R. Co.*, 148 App. Div. 935; *Littlewood* v. *Mayor, etc.*, 89 N. Y. 24; *Kelliher* v. *N. Y. C. & H. R. R. R. Co.*, 153 App. Div. 617.) The weight of authority in states other than New York is against the contention of the defend-

ant. (*South. Ry. Co.* v. *Shipp*, 169 Ala. 327; *City of Birmingham* v. *Crane*, 56 So. Rep. 725; *Watson* v. *So. Ry. Co.*, 66 S. C. 47; *Berger* v. *Charleston, etc., Co.*, 76 S. E. Rep. 1096; *Wymore* v. *Mahaska County*, 78 Iowa, 399; *Bradshaw* v. *Frazer*, 113 Iowa, 583; *Warren* v. *St. R. Co.*, 70 N. H. 362; *Wilmot* v. *McPadden*, 78 Conn. 276.)

Miller, J.   This action is brought under section 1902 of the Code of Civil Procedure for the negligent killing of the plaintiff's intestate, his wife, and the question is fairly presented whether in such an action the plaintiff may recover in case the sole beneficiary, in this case the plaintiff, was himself guilty of negligence which contributed to cause the death of the decedent.   The Appellate Divisions in the third and fourth departments have taken opposite views of the question.   (*Lewin* v. *Lehigh Valley Railroad Company*, 52 App. Div. 69; *O'Shea* v. *Lehigh Valley Railroad Company*, 79 App. Div. 254.)

The material part of said section reads:

"The executor or administrator of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued."

The next section provides, in substance, that the damages recovered shall be exclusively for the benefit of the decedent's husband or wife and next of kin, and be distributed as if they were unbequeathed assets left after payment of debts and expenses of administration; that in case there be left a surviving wife or husband, but no children, the recovery shall be for the sole benefit of such wife or husband, and that the plaintiff may deduct the reasonable expenses of the action, reasonable funeral

expenses of the decedent and his commissions on the residue.

There can be no doubt that the plaintiff's negligence would not have defeated a recovery by the wife if she had lived. Her cause of action abated upon her death, but the legislature has substituted a new action and has specified the condition upon which it may be maintained, *i. e.*, the right of the injured person to maintain an action if death had not ensued. While the measure of damages is different (Code Civ. Proc. § 1904) the right of the personal representative to recover depends solely on the right of the injured person to recover, if living, unless we are to read something into the statute. We fail to perceive any reason to do that which could not be urged with equal force if the legislature had in terms provided that in such case the action should not abate, but should survive to the personal representative for the benefit of the estate or the next of kin. Moreover, this court has once said (*Quin* v. *Moore*, 15 N. Y. 432), and once expressly decided (*Littlewood* v. *Mayor, etc., of N. Y.*, 89 N. Y. 24), that the condition upon which the statutory liability depends is the one expressed in the statute.

The maxim, that no one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, has no application. It was applied in *Riggs* v. *Palmer* (115 N. Y. 506) to a case of willful murder, which is very different from mere carelessness. The doctrine of contributory negligence does not rest on that maxim. Different grounds for the doctrine have been stated by judges and text writers, but the most satisfactory is that the law will not undertake to apportion the consequences of concurring acts of negligence; and so when injury is caused by the concurring negligence of two or more persons, each is liable for all the damages thus caused, and for the same reason when damage is caused by the concurring negligence of both the plaintiff and defendant, the former cannot recover at all. The rule

would apply in case the plaintiff were suing individually in his own right, *e. g.*, to recover on the defendant's common-law liability to him for injuries to his wife, but it has no application to a statutory action substituted for the wife's common-law action, which abated upon her death. It was for the legislature to prescribe the condition to the maintenance of the statutory action.

There seems to be a sharp conflict of authority in other jurisdictions. It would be profitless to analyze the numerous cases cited by the respective counsel, because we regard the principle of the *Littlewood Case* (*supra*) as controlling. That case does not appear to have been called to the attention of the court in the *O'Shea Case* (*supra*).

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, COLLIN and CUDDEBACK, JJ., concur.

Judgment affirmed.