NEIL S. GUILMETTE, as Administrator of the Estate of ROBERT GUILMETTE, Deceased, Respondent, v. DIANE B. RITAYIK et al., Defendants, and SUSAN A. GUILMETTE, Appellant.

Second Department, June 26, 1972.

*John W. Fuhrman* for appellant.

*Siben & Siben* (*Bernard M. Rosen* of counsel), for respondent.

SHAPIRO, J. Nineteen-month-old Robert Guilmette died as a result of injuries which he sustained in an automobile accident on June 29, 1970. He was a passenger in the front seat of an automobile owned by his father which was then operated

by his mother. The car collided with a vehicle owned by Diane Ritayik which was being operated by John Ritayik.

Neil Guilmette, Robert's father, who had been appointed administrator of his son's estate, commenced this action to recover damages for wrongful death and conscious pain and suffering, naming as defendants the Ritayiks and his wife, Susan Guilmette. Defendant Susan Guilmette (in practical effect, her insurer) has moved for a dismissal of the complaint and for summary judgment on the ground that, as a distributee of Robert's estate, she may not be sued since a recovery against her would, in effect, permit her to profit by her own negligence.[1]

The question is thus posed whether the abolition of the doctrine of intrafamily tort immunity permits a suit for wrongful death in which a defendant (as a distributee) will benefit by the plaintiff's recovery.

By its decision in *Gelbman* v. *Gelbman* (23 N Y 2d 434) the Court of Appeals abrogated the long-standing doctrine of intrafamily tort immunity. Prior to that decision this action could not have been maintained against defendant Susan Guilmette, since she would not then have been "a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued" (EPTL 5-4.1). After that decision, however, if the infant had survived the accident he could have sued his mother to recover damages for the injuries which he had sustained.

The *Gelbman* case, however, did not consider the effect which the abolition of intrafamily tort immunity would have upon actions for wrongful death in which a person responsible for the death could benefit as a distributee. *Gelbman*, rather, held that the traditional basis for the invocation of the immunity doctrine—the preservation of family unity—is better served by permitting suit and thereby possibly creating a fund for the benefit of the injured person.

It is to some extent incongruous to use *Gelbman*, which attempted to remove the family shield benefiting a wrongdoer, as authority for allowing a benefit to such wrongdoer. However, I believe that logic and the applicable statute (EPTL 5-4.1) compel such a result.

In *Gelbman* the Court of Appeals emphasized that it was not creating a liability where none existed, but was merely

---

1. We do not now pass upon the question of the propriety of the moving attorney (apparently retained by the insurance carrier) in making this motion on behalf of Susan Guilmette when, in effect, such a motion is adverse to her pecuniary interest and is solely for the benefit of the carrier.

"permitting recovery, previously denied, after the liability has been established" (p. 439). The decision, therefore, effected no other substantive change in the general rules of negligence.

In *McKay* v. *Syracuse R. T. Ry. Co.* (208 N. Y. 359), the plaintiff, as administrator of his wife's estate, sued the defendant for negligently causing her death. The defendant, at the trial, contended that the plaintiff had, by his concurrent negligence, contributed to her death and therefore requested a charge that, if the jury should find that the accident was occasioned by the negligence of the plaintiff or contributed to by his negligence, there could be no recovery in the action. In sustaining the ruling of the trial court that negligence on the part of the plaintiff, the sole beneficiary in the action, would not bar a recovery by him under the death statute (then Code Civ. Pro., § 1902 and now EPTL 5–4.1), the Court of Appeals said (pp. 362–364):

"This action is brought under section 1902 of the Code of Civil Procedure for the negligent killing of the plaintiff's intestate, his wife, and the question is fairly presented whether in such an action the plaintiff may recover in case the sole beneficiary, in this case the plaintiff, was himself guilty of negligence which contributed to cause the death of the decedent. The Appellate Divisions in the third and fourth departments have taken opposite views of the question. (*Lewin* v. *Lehigh Valley Railroad Company*, 52 App. Div. 69; *O'Shea* v. *Lehigh Valley Railroad Company*, 79 App. Div. 254.)

"The material part of said section reads:

"'The executor or administrator of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued.' * * *

"There can be no doubt that the plaintiff's negligence would not have defeated a recovery by the wife if she had lived. Her cause of action abated upon her death, but the legislature has substituted a new action and has specified the condition upon which it may be maintained, *i.e.* the right of the injured person to maintain an action if death had not ensued. While the measure of damages is different (Code Civ. Proc., § 1904) the right of the personal representative to recover depends solely on the right of the injured person to recover, if living,

unless we are to read something into the statute. We fail to perceive any reason to do that which could not be urged with equal force if the legislature had in terms provided that in such case the action should not abate, but should survive to the personal representative for the benefit of the estate or the next of kin. Moreover, this court has once said (*Quin* v. *Moore,* 15 N. Y. 432), and once expressly decided (*Littlewood* v. *Mayor, etc., of N. Y.,* 89 N. Y. 24), that the condition upon which the statutory liability depends is the one expressed in the statute. * * * The rule would apply in case the plaintiff were suing individually in his own right, *e.g.,* to recover on the defendant's common-law liability to him for injuries to his wife, but it has no application to a statutory action substituted for the wife's common-law action, which abated upon her death. It was for the legislature to prescribe the condition to the maintenance of the statutory action.''

The applicability of the *McKay* case to the fact pattern here is clear, for the dead infant in this case is in exactly the same situation as was the wife in the *McKay* case. If alive, the infant, under *Gelbman,* could have maintained an action in tort against his mother, the moving defendant here. Under the statute that right is now vested in his estate.

The statutory condition for maintenance of the wrongful death action is that the ''wrongful act, neglect or default which caused the decedent's death'' be committed by ''a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued'' (EPTL 5-4.1). We may impose no other conditions (see *Littlewood* v. *Mayor,* 89 N. Y. 24, 28).[2]

When *Gelbman* is read in conjunction with *McKay* it is clear that with the abolition of the doctrine of intrafamily tort immunity there remains no bar to the maintenance of a wrongful death action merely because a parent whose negligence contributed to the death stands to benefit from the action.

In addition it should be noted that section 16 of article I of the Constitution of the State of New York provides that ''the right of action now existing to recover damages for injuries resulting in death, shall never be abrogated''. That right, as it existed at the time of the renumbering of this

---

2. We would of course have a different situation if the conduct complained of were criminal in nature rather than mere civil negligence, for then a question of public policy would be involved (cf. *Riggs* v. *Palmer,* 115 N. Y. 506; *Carr* v. *Hoy,* 2 N Y 2d 185).

constitutional provision in 1938, included the right of a distributee to benefit from the proceeds of a recovery for the wrongful death of a decedent toward which his negligence had contributed. Hence, it may fairly be contended that the Constitution provides that defendant Susan Guilmette may not be barred from recovery on the ground that she would profit by her own negligence.

The order appealed from should therefore be affirmed, with $10 costs and disbursements.

RABIN, P. J., HOPKINS, MARTUSCELLO and LATHAM, JJ., concur.

Order of the Supreme Court, Suffolk County, entered January 3, 1972, affirmed, with $10 costs and disbursements.