EUGENE ROZEWSKI, as Administrator of the Estate of ROSE S. D. ROZEWSKI, Deceased, Plaintiff, v. STANLEY J. ROZEWSKI, Defendant.

Supreme Court, Monroe County, March 4, 1944.

794

*Claude T. Taggart* for plaintiff.

*Charles J. O'Brien* for defendant.

CRIBB, J. The complaint alleges that Eugene Rozewski, who brings this action as administrator of his deceased wife's estate,

was driving at the time of the accident an automobile " with the consent, express or implied " of the owner of the automobile. The latter was a brother of the said Eugene Rozewski and is the defendant in this action. At the time of the accident the said Eugene Rozewski was accompanied by his wife who died as a result of injuries received by her when the automobile, through the alleged negligence and carelessness of the driver, ran off the road at a curve. The decedent was survived by her said husband and no children. Therefore, any damages which might be recovered in this action would inure to the sole benefit of the plaintiff individually (Decedent Estate Law, § 133, subd. 1) despite the fact that such recovery would be based on his own negligence.

This motion is brought to strike out the second affirmative defense set up in defendant's answer which reads as follows: " That the cause of action set forth in the complaint herein is predicated upon the negligence, carelessness and imprudence of the plaintiff's intestate's husband, Eugene Rozewski, who is the next of kin of plaintiff's intestate and who will profit by any recovery had in this action through his own negligence, carelessness and imprudence and that any recovery herein is contrary to the public policy of the State of New York."

The plaintiff in the case at bar claims a right of action under section 130 of the Decedent Estate Law. Our courts have declared consistently that the statute in question provides a new and distinct action from the common-law action on account of personal injuries based on negligence, and that the action may be brought only where a natural person or a corporation would have been liable to an action in favor of the decedent by reason thereof if death had not ensued. (*McKay* v. *Syracuse R. T. Ry. Co.*, 208 N. Y. 359; *Kelliher* v. *N. Y. C. & H. R. R. R. Co.*, 212 N. Y. 207; *Clough* v. *Gardiner*, 111 Misc. 244.) In the *McKay* case (*supra*) the plaintiff brought an action for the negligent killing of his wife, and the question was whether the plaintiff, being the sole beneficiary (as in the instant case), could recover when he himself was guilty of negligence which contributed to the accident in which the decedent met her death. Referring to section 1902 of the Code of Civil Procedure from which the provisions of section 130 of the Decedent Estate Law were taken, the court said (p. 363) : " There can be no doubt that the plaintiff's negligence would not have defeated a recovery by the wife if she had lived. Her cause of action abated upon her death, but the legislature has substituted a new action and has specified the condition upon which it may be maintained, *i. e.,*

the right of the injured person to maintain an action if death had not ensued. While the measure of damages is different (Code Civ. Proc., § 1904) the right of the personal representative to recover depends solely on the right of the injured person to recover, if living, unless we are to read something into the statute. We fail to perceive any reason to do that which could not be urged with equal force if the legislature had in terms provided that in such case the action should not abate, but should survive to the personal representative for the benefit of the estate or the next of kin. Moreover, this court has once said (*Quin* v. *Moore,* 15 N. Y. 432), and once expressly decided (*Littlewood* v. *Mayor, etc., of N. Y.,* 89 N. Y. 24), that the condition upon which the statutory liability depends is the one expressed in the statute."

There are many decisions holding that the contributory negligence of the husband is not a defense in an action brought by him for death of his wife caused by negligence of the defendant. (*McKay* v. *Syracuse R. T. Ry. Co., supra; Wallace* v. *D'Aprile,* 221 App. Div. 402; *Jenks* v. *Veeder Contracting Co.,* 177 Misc. 240, mod. 264 App. Div. 979, affd. 290 N. Y. 810.) It is argued by the defendant here that plaintiff should not be permitted to recover because he would be the *sole beneficiary* of any amount obtained on a judgment in his favor. However, in *Braun* v. *Buffalo General El. Co.* (213 N. Y. 655), it was held reversible error for the court to charge that the law " ' does not authorize a recovery where the *sole beneficiary* is *equally* guilty with the defendant in bringing about the death for which damages are sought to be recovered.' " (Italics mine.) Assuming that in the instant case the decedent had been survived by the plaintiff and children, the fact that he would share in the recovery would not be a bar to the action. (*Lo Galbo* v. *Lo Galbo,* 246 N. Y. S. 565.)

The novel question presented by this motion results from the fact that the plaintiff not only would be the *sole beneficiary* of any recovery obtained, but the accident allegedly occurred *wholly* because of his *own* negligence. No decisions in this State have been submitted by counsel nor has my own research revealed any cases involving the same situation. Defendant maintains that plaintiff should not be permitted to profit by his own wrong. In *Swartzlander* v. *Swartzlander* (217 N. Y. S. 467) the court said: " The doctrine that a person cannot be advantaged by his own wrong is applicable only to willful wrongs as distinguished from carelessness. [Citing *McKay* v. *Syracuse R. T. Ry. Co., supra,* and other cases.] "

Defendant further urges that permitting plaintiff to recover under the facts here presented would be against public policy. Public policy is not static; it changes as new conditions and customs manifest themselves. The automobile with its attendant varied uses, together with the almost universal practice of owners in obtaining liability insurance as a protection against loss suffered on account of accidents resulting in actions based on negligence, has altered many theories of public policy — particularly in relation to the right of actions as between members of the same family. (See *Rozell* v. *Rozell*, 281 N. Y. 106, 113; *Lo Galbo* v. *Lo Galbo, supra.*)

The Legislature, by section 130 of the Decedent Estate Law, has provided that five elements must exist to warrant a cause of action. They are: (1) The action must be brought by the administrator or executor of the decedent. (2) The decedent must be survived by a spouse or next of kin. (3) Decedent's death must have resulted from a wrongful act, neglect or default on the part of some person or corporation. (4) The decedent must have had a right of action against the defendant had death not ensued, and (5) the action must be commenced within two years after decedent's death. All of these requirements are met in the instant case. Furthermore, plaintiff brings this action as administrator, as required under the statute, and not individually. Our courts hold that one suing in a representative capacity is, in contemplation of law, a distinct person and a stranger to any right as an individual. (*Leonard* v. *Pierce*, 182 N. Y. 431; *Matter of Sullivan*, 289 N. Y. 323, revg. 264 App. Div. 65, which revd. 177 Misc. 570.) If plaintiff's wife had not died as a result of injuries sustained, she would have a right of action against her husband (Domestic Relations Law, § 57) and against the defendant, Stanley J. Rozewski. (Vehicle and Traffic Law, § 59.) The complaint alleges that the plaintiff himself was guilty of negligence (that is, the " wrong ") resulting in the accident. The fact that he could have no right individually to recover against the defendant for his own negligence does not eliminate his wrongful act. " Unlawful the act remains, however shorn of a remedy " (*Schubert* v. *Schubert Wagon Co.*, 249 N. Y. 253, 257).

The Legislature, by subdivision 3 of section 167 of the Insurance Law, provided as follows: " No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse

unless express provision relating specifically thereto is included in the policy.'' This provision was made by the Legislature to protect insurance carriers against loss through collusive actions between husband and wife. (*Fuchs* v. *London & Lancashire Indemnity Co.*, 258 App. Div. 603, 605.) Only an act of the Legislature could afford that protection against injustices which might arise under the laws which had been enacted permitting one spouse to sue the other for personal injuries suffered by reason of the other's negligence. Perhaps the instant case presents another situation requiring legislative action to prevent a possible recovery based on the sole negligence of the sole beneficiary. I do not know whether the defendant in the instant case is protected by insurance, nor would such knowledge be an element to be considered in determining this motion. I agree with the defendant that it seems a travesty on justice to permit a recovery under the facts in this case. It is true that this plaintiff as administrator may recover a substantial reward for damages resulting from negligence of which he, and he alone, is guilty, and thereafter receive such award individually as sole beneficiary. However, until the Legislature sees fit to adopt an amendment to the law denying a right of action under such circumstances, I am constrained to accept the law as it now exists and to apply it under the judicial interpretations to which I have referred.

Motion granted, without costs.

Let an order enter accordingly.