In the Matter of the Accounting of VASHTI SINTYAGO, as Administratrix of the Estate of CANUTO SINTYAGO, Deceased.

Surrogate's Court, Kings County, October 26, 1950.

*Levy & Harten* for administratrix, petitioner.

*William J. Grace,* special guardian for Edward Sintyago and another, infants, respondents.

RICHARDSON, S. The administratrix herein seeks approval of the compromise of two causes of action: one for personal injuries to, and another for the wrongful death of, the decedent; for the judicial settlement of her account; the fixation of compensation of her attorney for services rendered to the estate; and a determination of the proper distribution of the net amounts of recovery under the provisions of section 133 of the Decedent Estate Law, as amended by chapter 639 of the Laws of 1949, effective April 16, 1949.

The court finds the proposed compromise to be for the best interests of the estate and it will be approved. The compensation of the attorney of the administratrix for all services, including the entry of the decree herein and distribution as may be directed thereunder, is fixed in the percentages recommended by the special guardian for the infants and accepted by such attorney, to be charged proportionately against the respective amounts received in settlement.

The proceeds for personal injuries being assets of the estate will be distributed pursuant to subdivision 1 of section 83 of the Decedent Estate Law. The recovery for the wrongful death is distributable "in proportion to the pecuniary injuries suf-

fered '' by the decedent's widow and next of kin pursuant to section 133 of the Decedent Estate Law, as amended, computed under the formula adopted by the court in *Matter of Kaiser* (198 Misc. 582).

The decedent died April 29, 1949, survived by his widow and three infant children, one of whom, a daughter, was married and not dependent on him for her support and maintenance and not entitled to share in the amount received in settlement of the action for wrongful death. The decedent at his death was fifty-five years of age, his widow, thirty-seven, one son eighteen and another fourteen. According to the American Experience Table of Mortality decedent had an expectancy of life of seventeen years, which is shorter than his widow's expectancy. In such cases the husband's expectancy is used (*Matter of Uravic*, 142 Misc. 775, 785). The probable period of dependency of the older son is three years and that of the younger son seven years. The aggregate years of dependency of all is twenty-seven and is used as the denominator and the numerator is the number of years of dependency of each beneficiary.

Accordingly, the pecuniary loss is determined to be as follows: the widow 62.9%, the older son 11.1% and the younger son 26%. The distribution of net proceeds, therefore, shall be so apportioned.

Proceed accordingly.