In the Matter of the Accounting of ADELINE COPPOLA, as Administratrix of the Estate of ANTHONY BERNARDI, Deceased.

Surrogate's Court, Kings County, February 26, 1951.

*Daniel McNamara* for administratrix, petitioner.

*Joseph A. Marchetti* for Rose Jolsen, objectant.

*Albert Dorf* for State Tax Commission.

RUBENSTEIN, S. The administratrix, as an incident of her application to judicially settle her account, seeks approval of the compromise of the action for the wrongful death of decedent; determination of the compensation to be paid to her attorney for

all services rendered and a determination of the distribution of the net amount received in settlement of the action for wrongful death of the decedent.

The decedent died intestate and at the time of his death, on February 17, 1950, was unmarried and left surviving as his only distributees a brother and two sisters. The cause of action for his wrongful death was maintainable under article 5 of the Decedent Estate Law, and the amount received in settlement is distributable in accordance with the provisions of that law. The decedent having died as a result of injuries sustained after April 16, 1949, such distribution must be determined pursuant to the provisions of section 133 of the Decedent Estate Law, as amended by chapter 639 of the Laws of 1949, effective April 16, 1949 (*Matter of Kaiser*, 198 Misc. 582). The provisions of the section, as amended, direct that the damages received or obtained through settlement in such an action " are exclusively for the benefit of the decedent's husband or wife, and next of kin " and they must be distributed " to  *  *  *  such husband or wife and next of kin, in proportion to the pecuniary injuries suffered ".

One of the respondents herein, a sister of decedent, contends that the provisions of section 133 of the Decedent Estate Law, as amended, are inapplicable since decedent left him surviving no wife. Her contention is untenable. The language of the section, as amended, specifically provides that the damages are distributable to " such husband or wife *and next of kin,* in proportion to the pecuniary injuries suffered " (emphasis supplied). The next succeeding section of the law (§ 134) defines next of kin as used in section 133 as " all those entitled under the provisions of law relating to the distribution of personal property, to share in the unbequeathed assets of a decedent, after payment of debts and expenses, other than a surviving husband or wife ". (See, also, Decedent Estate Law, § 47-c.) The decedent herein having left surviving no wife, descendants or parent, his next of kin are his brother and two sisters and his unbequeathed assets are distributable to them, in equal shares, in accordance with the provisions of subdivision 6 of section 83 of the Decedent Estate Law, the applicable portion of which reads: " If there be no surviving spouse, and no children, and no representatives of a child, and no parent, the whole shall descend and be distributed to the next of kin in equal degree to the deceased; and if all the brothers and sisters of the intestate be living, the whole shall descend and be distributed to them ".

Thus, the damages here received in settlement would be distributable to decedent's surviving brother and sisters, as his next of kin and distributees, were it not for the mandate of section 133 of the Decedent Estate Law that such damages must be distributed to decedent's next of kin " in proportion to the pecuniary injuries suffered." It should be noted that the amendment to section 133 of the Decedent Estate Law did not enlarge the class of persons eligible to share as beneficiaries in the damages recovered or received in settlement of a cause of action for wrongful death, but merely directed that the amount allotted to each of the next of kin should be determined on the basis of dependency. The court has accordingly taken proof to ascertain the damages suffered by decedent's brother and sisters by reason of his death.

The testimony establishes to the satisfaction of the court that decedent's sister, the administratrix and accountant herein, maintained a home for him and another brother and after her marriage in 1929 decedent continued to live with her and her husband and paid a monthly sum for lodging and a weekly sum for food. The sister's husband left her in 1943 and thereafter decedent was the sole support of her and her children, except for small and infrequent amounts she and the children were able to earn and the amount received from her husband through the direction of the Domestic Relations Court. The decedent paid the rent for the home and for the food as well as all medical and dental expenses. The amounts earned by the sister and her children were used almost exclusively for clothing for themselves.

Decedent's other sister was married and has six children, four of whom are still at home, and her husband is gainfully employed. While there is some proof that decedent occasionally gave her money, when she needed it, on all the evidence the court determines that she was not dependent, in any degree, upon decedent and suffered no pecuniary injuries.

The brother of decedent is a disabled veteran of the first World War and while his earnings are small and his tangible assets meagre, there is no evidence of dependency upon the decedent. Hence, he, too, suffered no pecuniary injuries.

The court finds, on all the proof, that the administratrix and accountant herein, decedent's sister, is the only next of kin or distributee who has sustained substantial pecuniary loss by reason of decedent's death. Were it not for the prayer for relief in her petition that she be allowed 60% of the net amount received in the settlement, the court would award her the full

net sum. She will accordingly be awarded 60% and decedent's brother and other sister, 20% each.

The compensation requested by the attorney for the administratrix for all services rendered is reasonable and is allowed, payable out of the amount received in settlement of this death action. The general assets of decedent's estate will be applied toward the payment of the premium on the bond of the administratrix and decedent's funeral expenses, to the extent they are sufficient for such purposes. The balance of the funeral expenses and the commissions of the administratrix on the residue of the settlement of the death action, computed in accordance with the provisions of section 285 of the Surrogate's Court Act, will be payable out of such fund.

The net balance will be distributable to decedent's brother and two sisters in the proportions hereinabove directed.

Submit decree, on notice, accordingly.