In the Matter of the Estate of MERTON C. DENNISON, Deceased.

Surrogate's Court, Onondaga County, January 23, 1953.

*McElroy, Young, Mahley & Dunn* for Marion L. Dennison, as administratrix of the estate of Merton C. Dennison, deceased, petitioner.

*Livingston S. Latham* for Rita Banback and another, respondents.

*William J. Burns,* special guardian for Alyce M. D. Bonura and others, infants.

MILFORD, S. This is an application for the compromise of a cause of action in the estate of Merton C. Dennison, deceased.

The decedent, Merton C. Dennison, died on or about July 31, 1952, from a heart attack, and he left him surviving, his widow, Marion L. Dennison, and the following children, viz.: Alyce M. Dennison Bonura, a married daughter, aged nineteen; Charles M. Dennison, a son, aged sixteen; Tekla S. Dennison, a daughter, aged nine; Rita Banback, a daughter over twenty-one, and Frank Dennison, a son over twenty-one.

Limited letters of administration were issued to Marion L. Dennison by a decree of this court on the 7th day of August, 1952.

The decedent, Merton C. Dennison, on January 3, 1950, sustained severe personal injuries when a caboose in which he was riding was brought to a sudden stop, causing him to be violently thrown about in said caboose. The decedent lived approximately a year and a half after the accident.

Two actions in which the administratrix is plaintiff were commenced in United States District Court for the Northern District of New York, one to recover damages for said personal injuries and the other to recover damages for the wrongful death of said decedent. The said actions are still pending in said court.

The New York Central Railroad Company is the defendant in each of said actions, and it has offered to pay, in compromise of said actions, the sum of $21,000.

A citation was duly issued from this court returnable on the 8th day of December, 1952, and directed to all interested persons requiring them to show cause why the said administratrix should not compromise said causes of action and to distribute the proceeds. On the return day of said citation, Rita Banback and Frank Dennison appeared by their attorney, Hon. Livingston S. Latham, who filed an answer which, among other things, alleges in paragraph " 7 " thereof, " That the proceeds of the compromise of the cause of action of the petitioner as

representative of the estate of decedent for the personal injuries sustained by decedent during his lifetime are for the benefit of the surviving widow, if any, and children of decedent and distributable to them in accordance with the laws of descent and distribution of the State of New York without reference to the dependency of said widow, if any, or children upon (of) said deceased." Thus arises the question, are the proceeds of the cause of action distributable under the Federal Employers' Liability Act (U. S. Code, tit. 45, ch. 2) or under the provisions of section 133 of the Decedent Estate Law of the State of New York? Concededly the recovery in this case is under the Federal Employers' Liability Act.

Section 1 of the Federal Employers' Liability Act is in part as follows: "Every common carrier by railroad * * * shall be liable in damages * * * in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee". (U. S. Code, tit. 45, § 51.)

Section 9 of the act provides in part as follows: "Any right of action given by this chapter to a person suffering injury shall survive to his or her personal representative for the benefit of the surviving widow or husband and children of such employee". (U. S. Code, tit. 45, § 59.)

In the affidavit of Hon. Francis L. McElroy, which is attached to the petition filed in this matter, there appears the following: "I have been unable to secure satisfactory evidence that deceased's death did result from the accident on January 3, 1950. In the personal injury case, it is my opinion, that liability on the part of the railroad company can be established."

The court, therefore, is treating this offered sum of $21,000 as a compromise for the personal injuries suffered by the deceased and no portion thereof is in compromise of the death case, and that in accepting the proffered sum of $21,000 the administratrix is, at least in theory and practicability, abandoning the death case.

In *Taylor* v. *Taylor* (232 U. S. 363) the court held that distribution was governed by the Federal statute and not by State statute.

In *Matter of Barker* (134 Misc. 833, 834–835) the court had this to say: "This Federal statute differs from our State statute (Dec. Est. Law, § 130) in that while both are intended to recompense the pecuniary loss, the State statute designates classes to take, regardless of the relative dependence on the deceased of each member of the class (*Snedeker* v. *Snedeker*,

164 N. Y. 58, 63), and directs distribution of a recovery in the same manner as if the recovery or compromise were ' unbequeathed assets,' where as the Federal act simply awards damages to the representative for the benefit of the person or classes named who are ' dependent upon such employe,' deceased. This has been interpreted to mean that such action against an interstate carrier by rail is *not for the equal benefit of each of the surviving relatives* for whose benefit the suit is brought, but that the interest of each beneficiary *must be measured by his or her individual pecuniary loss.* (*Collins* v. *Pennsylvania R. R. Co.*, 163 App. Div. 452.) Under this statute, the jury must apportion such recovery among the parties interested to the extent that each of such parties is found *dependent and to have suffered pecuniary loss accordingly*''. (Emphasis mine.)

In the case of *Matter of Uravic* (142 Misc. 775, 781–782) the court has this to say: " It is obvious from this summary of decisions that on authority as well as theory, the position of the parties to the present proceeding is erroneous, and that the result previously reached by this court in the *De Martino Case* (*supra*) is correct. The only persons who can share in the distribution are *relatives of the decedent who have sustained pecuniary loss as a result of his death,* and such recovery is to be directly proportioned to the loss which each has sustained. Obviously it must follow from this that dependency and loss are questions of fact in relation to each claimant of a portion of the fund ''. (Emphasis mine.)

Therefore, after careful and deliberative consideration of all of the facts and circumstances, pleadings and authorities submitted, it is my considered opinion that any sums received as a result of the causes of action created by the Federal Employers' Liability Act must be distributed in accordance with the provisions of such act and that such distribution must be made to persons who are shown to have been pecuniarily damaged by the death of the decedent and in proportion to their demonstrated damage. I am also of the opinion that no adult child of the decedent or nondependent person is entitled to any portion of the recovery herein.

Proceed upon notice accordingly.