In the Matter of the Estate of HENRY COOPERMAN, Deceased.

Surrogate's Court, Kings County, June 14, 1955.

*Abraham M. Fisch* for Molly Cooperman, as administratrix of the estate of Henry Cooperman, deceased, petitioner.

*Leonard P. Moore, United States Attorney for the Eastern District of New York,* for United States of America.

Moss, S. This is an application for leave to compromise an action for the wrongful death of the decedent and other incidental relief. The decedent died November 12, 1953, while employed as a longshore rigger in decommissioning a vessel in navigable waters. He was lowering a lifeboat when the steel bridle broke as a result of which he was thrown into the water and drowned.

The United States of America, the defendant, has offered to compromise the action for his wrongful death. Since the decedent was survived by his widow and mother, the petitioner seeks to determine the manner of the distribution of the net proceeds of this compromise, and whether its allocation shall be made in accordance with the manner of distribution provided by section 133 of the Decedent Estate Law, or under section 688 of title 46 of the United States Code. By the provisions of subdivision 1 of section 133 of the Decedent Estate Law, distribution '' In case the decedent shall have left surviving a wife or a husband, but no children, the damages recovered shall be for the sole benefit of such wife or husband.''

Distribution in this instance is governed by the Federal statute and not by State statute (*Matter of Nelson,* 168 Misc. 161; *Cunard S.S. Co.* v. *Mellon,* 262 U. S. 100; *Matter of Dennison,* 203 Misc. 1004). The Jones Act (U. S. Code, tit. 46, § 688) confers on the personal representative of a person engaged in work on a vessel in navigable waters the same right of action for death as applicable to a railroad employee. The statute

applicable to a railroad employee (U. S. Code, tit. 45, § 51), namely, the Federal Employers' Liability Act, requires that distribution of damages for the death of such an employee in a suit against a common carrier shall be '' for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents ''. If the employee is injured, distribution is likewise to be made to the same persons. The statutes show a well-defined purpose to make the benefits recoverable for death or injury payable primarily to the widow or husband and children, and only in the absence of persons coming within those classes may distribution be made to the parents. The compromise is approved and the petition is granted in all respects. The net amount of the compromise is to be distributed to Molly Cooperman, the decedent's widow, subject to the payment of attorney's fee in the agreed amount. Submit decree.