In the Matter of the Accounting of THOMAS J. RAY et al., as Administrators with the Will Annexed of THOMAS RAY, Deceased.

Surrogate's Court, Queens County, June 27, 1955.

*Wolinsky & Wolinsky* for administrators, petitioners.

*Leo Brown,* special guardian for George Ray and another, infants.

PETTE, Justice of the Supreme Court and Acting Surrogate. On May 29, 1950, an automobile operated and owned by Thomas Ray collided with one owned by Excelsior Pearl Works and operated by Sidney Rothchild. As a result of the accident, Thomas Ray was killed instantly and Martha Ray, his wife, who was with him, died within an hour thereafter. They were survived by four adult and two minor children, one born on June 18, 1933, and the other on March 14, 1935. The defendants have offered to pay $25,000 in settlement of the action brought by the administrators with the will annexed of the decedent to recover damages for his wrongful death. The proposed compromise impresses me as fair and reasonable and, in the absence of objection and in view of the recommendation of the special guardian, the same is approved.

Decedent was just past fifty at the time of his death and about six months older than his wife. Based on his expectancy of life, petitioners seek to distribute practically 68% of the recovery to themselves as administrators of the estate of Martha Ray, deceased, and the balance in varying amounts to decedent's two minor children based on their expectant minorities. Such distribution to the estate of decedent's deceased wife who died intestate would result in her six children sharing the same equally. The special guardian for the two infant children has objected to any distribution to the wife's estate and claims that his wards are entitled to the entire proceeds of the settlement in proportion to the years of their respective minorities, to wit, 4.06 years for Concetta Ray and 5.79 years for George Ray which would result in the former receiving 41.22% of the net settlement proceeds and the latter 58.78% thereof.

The damages recoverable for wrongful death are such as are deemed fair and just compensation " for the pecuniary injuries, resulting from the decedent's death, to the person or persons,

for whose benefit the action is brought.'' (Decedent Estate Law, § 132.) Such damages are to be distributed to the designated beneficiaries '' in proportion to the pecuniary injuries suffered ''. (Decedent Estate Law, § 133.) Where a widow of a decedent, killed in an accident, dies prior to the trial of an action brought to recover damages for his death, she is entitled only to the actual pecuniary damages sustained by her from the time of his death to the date of her death. (*Sider* v. *General Elec. Co.,* 238 N. Y. 64; *Dibble* v. *Whipple,* 281 N. Y. 247; *Pitkin* v. *New York Central & Hudson Riv. R. R. Co.,* 94 App. Div. 31; 109 App. Div. 911, affd. 185 N. Y. 548.) The fact that here the wife of the decedent survived him for a brief time and thereafter died as a result of the same accident, which caused his death, does not change the rule of damages. (*Pitkin* v. *New York Central & Hudson Riv. R. R. Co.,* 94 App. Div. 31, 37.) The award to her estate could only be for a nominal and inconsequential amount. The objection made by the special guardian to the distribution proposed to be made to her estate is sustained. The court is unable to find that the adult children of the decedent were either dependent upon their father or that they suffered any pecuniary loss by reason of his death. The net distributable sum should be paid to the two minor children of the decedent as follows: 41.22% to his daughter Concetta and 58.78% to the general guardian of his son George. Compensation of the attorneys for all services including the preparation, entry and execution of the decree is fixed and allowed in a sum equivalent to one third of the recovery. They will also be allowed their out-of-pocket disbursements in the sum of $31. The claim of the petitioners in the sum of $865.70, paid by them for the funeral expenses of the decedent, is allowed. The account is settled accordingly. Submit decree on notice.