L. Barron Hill, J.
In this action to recover for wrongful death, the defendant has raised two defenses which plaintiff seeks to strike out by this motion.
Plaintiff’s intestate was an infant three years of age at the time of his death. Apparently he was a passenger in an automobile owned by the defendant but which was being oper *1037 ated at the time of the accident by his father. The sole defendant is the owner whose liability is predicated on the provisions of section 59 of the Vehicle and Traffic Law.
The first defense raised in the answer is that of decedent’s contributory negligence as is required by section 131 of the Decedent Estate Law. Plaintiff contends that this is a sham defense in view of the fact that the intestate was only three years of age. Although perhaps the defense is strictly not sham, it is insufficient as a matter of law, and in the interest of expediting matters will be stricken (cf. Meyer v. Inguaggiato, 258 App. Div. 331).
The second defense raised is a partial defense to the effect that if any affirmative negligence caused the intestate’s death it was that of his father. Accordingly, any verdict should be diminished by the amount of the share which would be payable to the father as a next of kin and distributee under the statute. Plaintiff contends that there is no statutory provision for such a defense.
Defendant’s theory which is, at once, an appealing one is that the father should not receive a pecuniary benefit for his own wrong, especially where that benefit is to be extracted from the defendant whose liability is purely derivative.
In reviewing the statutory provisions (Decedent Estate Law, §§ 130-134) there does not seem to be any clear and unequivocal answer to plaintiff’s motion. Defendant has submitted no cases from this jurisdiction and avers that the only reported cases bearing on the subject which his research reveals are Pike v. Adams (99 N. Hamp. 221), Nudd v. Matsoukas (7 Ill. 2d 608) and Burns v. Goldberg, (210 F. 2d 646 [Pa. law]). Of these the decision in Nudd v. Matsoukas (supra) appears helpful to defendant and reveals that in 1955 the Illinois Legislature amended its wrongful death statute to provide for the relief requested by defendant.
Although perhaps not as brazen as that portrayed here, similar situations have arisen and been passed on by the courts of this State in McKay v. Syracuse R. T. Ry. Co., (208 N. Y. 359) and Rozewski v. Rozewski (181 Misc. 793). Both hold that the contributory negligence of the beneficiary is no bar to the action or to the amount of the recovery. In Rozewski v. Rozewski (supra) a husband as administrator apparently sued himself for causing his wife’s death. The Legislature has not amended the statute since that decision, and I must interpret that to be an acquiescence therein.
The second defense is likewise stricken.
Settle order.