Maximilian Moss, S.
The compromise of the cause of action for wrongful death is approved. The compensation sought by the attorney is fair and reasonable and is allowed. The claim for reimbursement for decedent’s funeral expenses is allowed in the amount requested.
*596 Decedent, who was a widow, died on October 4, 1959 survived by an infant daughter then 16 years of age, two adult children, Catherine and James, and her mother Helen T. Symes. Immediately prior to decedent’s death the household consisted of decedent, her infant daughter Helen, her adult daughter Catherine, petitioner herein, and decedent’s aged mother who was ill and confined to her bed. Decedent’s son, James, was married and maintained his own separate residence. Decedent’s household was supported partly by her earnings and partly by the earnings of petitioner. Since decedent’s death the expenses of supporting the household have been borne by petitioner which included the maintenance of decedent’s aged mother until her death in December, 1960, and petitioner also paid the funeral expenses of decedent’s mother. Decedent’s infant daughter entered a convent soon after decedent’s death where her. needs are supplied.
Petitioner claims that she is the only person who has sustained a pecuniary loss by decedent’s death and is entitled to the net proceeds of the recovery had. Under the facts and circumstances of this case petitioner’s claim has merit. The relationship which existed in decedent’s household and the relative monetary contributions made by decedent and petitioner to the support and maintenance of the members of the household are factors to be considered in assessing'the pecuniary loss (Decedent Estate Law, §§ 132, 133; Murphy v. Erie R. R. Co., 202 N. Y. 242, 245; Houghkirk v. President, etc. of D. & H. Canal Co., 92 N. Y. 219). The amount contributed by decedent ceased with her death thus shifting the burden of maintaining decedent’s household upon petitioner. (Matter of Dennison, 203 Misc. 1004, 1007; Matter of Bernardi, 199 Misc. 919 ; Matter of Sintyago, 198 Misc. 776; Klepal v. Pennsylvania R. R. Co., 129 F. Supp. 668, affd. 229 F. 2d 610.) '
Inasmuch as decedent’s aged mother has since died and decedent’s infant daughter has entered a convent where her needs are supplied, the court determines that under all the facts and circumstances of this case the net proceeds of the recovery for wrongful death of decedent shall be distributed to petitioner, Catherine T. McNeil.