S. Samuel Di Falco, S.
The decedent, an occupant of an automobile operated by her husband, was killed in an accident which involved no other vehicle. Letters of administration upon the decedent’s estate were granted to the general guardian of the decedent’s infant daughter and an action to recover for the decedent’s wrongful death was instituted by the administratrix against the husband, as operator of the automobile, and another, as owner of the automobile. Application has been made to obtain approval of a compromise of the action and to settle the account of the administratrix.
The petitioning administratrix proposes that the net proceeds of the settlement be distributed to the infant child to the exclusion of the decedent’s husband. The latter, by objections to the account, contends for a share of the proceeds. A motion to dismiss such objections is made under CPLR 3211.
*1012 It has been held by the Court of Appeals that a husband, as administrator and sole distributee, may recover for the negligent killing of his wife in an action brought against a joint tort-feasor despite his own contributory negligence (McKay v. Syracuse R. T. Ry. Co., 208 N. Y. 359 [1913]). This ruling was followed in a fact situation similar to that existing in the case at bar and the operator of an automobile was permitted to bring an action for the wrongful death of the operator’s wife. In that case as in the McKay case (supra) the husband — tortfeasor— was the sole distributee of the decedent. (Rozewski v. Rosewzki, 181 Misc. 793 [1944]). Again in Rischer v. Owens (8 Misc 2d 1036 [1957]), the court rejected the contention that the father of the intestate should not participate in a recovery obtained by reason of the negligence of the father which resulted in the intestate’s death. Both of these lower court decisions rested upon the McKay case and, while constrained to follow the latter ruling, the opinion in Rozewski v. Rozewski (p. 798) said: “Perhaps the instant case presents another situation requiring legislative action to prevent a possible recovery based on the sole negligence of the sole beneficiary. I do not know whether the defendant in the instant case is protected by insurance, nor would such knowledge be an element to be considered in determining this motion. I agree with the defendant that it seems a travesty on justice to permit a recovery under the facts in this case. It is true that this plaintiff as administrator may recover a substantial reward for damages resulting from negligence of which he, and he alone, is guilty, and thereafter receive such award individually as sole beneficiary. However, until the Legislature sees fit to adopt an amendment to the law denying a right of action under such circumstances, I am constrained to accept the law as it now exists and to apply it under the judicial interpretations to which I have referred.” (See, also, 27 Pordham L. Rev. 295.)
It would seem futile to attempt to restrict the McKay case to a holding that the tort-feasor, suing in a representative capacity, asserts only the right which the injured person would have had to maintain the action if death had not ensued (Holmes v. City of New York, 269 App. Div. 95) since the fact cannot be brushed aside that in the McKay case the plaintiff, although not suing individually, was the sole person who would share in a recovery.
There are decisions in other jurisdictions which seem to reach equitable results. In Niemi v. Boston & Mame R. R. (87 N. H. 1, 6-7) the court said: “ If the distributee’s wrong has been a cause of the death, then, if he is allowed to recover, *1013 it is for a wrong for which he would be liable had the decedent lived. And if there are distributees who are innocent, he continues liable. In such a situation he would have no share in the recovery in an action brought against him. His wrong would bar him, and since there may be no contribution among wrongdoers, it logically follows that there should also be a bar as to bim if the action is against a joint or concurring wrongdoer who is not a distributee. If the wrong doing distributee may receive the proceeds of the action, their payment by another wrongdoer means that a well-established and salutary doctrine yields to a legal formalism. An intent thus to give a wrongdoing distributee equal rights with an innocent one is not to be ascribed to the legislature in the absence of clear evidence of it.” (See, also, Pike v. Adams, 99 N. H. 221; Nudd v. Matsoukas, 7 Ill. 2d 608, and Burns v. Goldberg, 210 F. 2d 646.)
Inasmuch as in the case at bar, as in the McKay case (supra), the tort-feasor seeks to reap a financial benefit from his own wrongful conduct and to collect damages for his own negligence, the foreign cases seem only to adopt one of the major maxims of the common law stated in Riggs v. Palmer (115 N. Y. 506, 511-512) as follows: “No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. These maxims are dictated by public policy, have their foundation in universal law administered in all civilized countries, and have nowhere been superseded by statutes.”
Unfortunately the last-quoted equitable principle was held in McKay to be inapplicable to the statutory action for wrongful death and in so doing the court, in effect, removed the statutory action from application of the usual rule that a tort-feasor may not recover for the loss of the services of his wife (Diem v. Adams, 266 App. Div. 307, 310).
It will be incumbent upon this court at a later point in this proceeding to allocate the damages in an equitable manner irrespective of the question of negligence and to consider the merits of the claims of the decedent’s distributees, her husband and her infant daughter. EPTL 5-4.4 dictates that the damages recovered for wrongful death are exclusively for the benefit of the decedent’s distributees and shall be distributed to such persons in proportion to the pecuniary injuries sustained by them. Decisional law has interpreted the .statute to exclude (1) a spouse guilty of abandonment or failure to support (Matter of Oswald, 43 Misc 2d 774, affd. 24 A D 2d 465, affd. 17 N Y 2d 447); (2) a parent who fails to support a child (Matter of *1014 Frigenti, 6 Misc 2d 80); (3) the estate of a wife who dies immediately after the death of a husband (Matter of Ray, 208 Misc. 617); (4) a married infant not dependent upon the decedent: (Matter of Sintyago, 198 Misc. 776); (5) an incompetent child to whose support the decedent had not contributed and whose care was otherwise provided for (Matter of Lilien, 139 N. Y. S. 2d 128); (6) a child who was a permanent ward of the State (Matter of Reynolds, 115 N. Y. S. 2d 534), and (7) siblings who were not dependent (Matter of Bernardi, 199 Misc. 919). Distribution has not usually followed the proportions fixed by the rules of intestate succession (EPTL 4L-1.1) but, instead formulae have been employed to adjust the distribution to the needs of the participating distributees (Matter of Kaiser, 198 Misc. 582). These decisions demonstrate that judicial discretion may be exercised to allocate distribution in an equitable manner.
The petition in this proceeding alleges that decedent’s husband abandoned and failed to support the decedent and the denial of these allegations by the husband creates factual issues to be determined by a hearing. However, at this time the court is concerned only with the motion addressed to the sufficiency of the objections and under the authorities the court is constrained to deny the motion to dismiss the objections.