**Richard A. TANSKI, in his representative capacity under § 13–21–201 C.R.S., Plaintiff–Appellant,**

**v.**

**Richard A. TANSKI, Defendant–Appellee.**

**No. 90CA1298.**

Colorado Court of Appeals, Div. IV.

June 6, 1991.

Rehearing Denied July 18, 1991.

Certiorari Denied Nov. 25, 1991.

Nelson, Reid & Schwartz, Daniel W. Dean, Fort Collins, for plaintiff-appellant.

Quigley & Bruce, William C. Ritter, Denver, for defendant-appellee.

Opinion by Judge ROTHENBERG.

Plaintiff, Richard Tanski, suing in a representative capacity, appeals the trial court's dismissal of this action in which he named himself as defendant. We affirm.

In August 1989, Richard Tanski and his wife, Roberta, were in a one-car accident. Mr. Tanski was the driver and his wife was a passenger. As a result of the accident, his wife died.

Thereafter, Richard Tanski, in his representative capacity as surviving spouse and heir at law of Roberta M. Tanski, filed this wrongful death action suing himself and alleging that his wife died as a result of his negligence. *See* § 13–21–201, C.R.S. (1987 Repl.Vol. 6A).

*Defendant* Tanski then moved to dismiss *plaintiff* Tanski's complaint. As grounds for dismissal, defendant Tanski argued that since he and plaintiff were the same person and were equally negligent, and since the comparative negligence statute bars a plaintiff who is at least fifty percent negligent from recovering, plaintiff's lawsuit should be dismissed as a matter of law.

The trial court concluded that nothing in either the language of the wrongful death statute § 13–21–202, C.R.S. (1987 Repl.Vol. 6A) or the comparative negligence statute § 13–21–111, C.R.S. (1987 Repl.Vol. 6A) prevented Tanski from filing his action. However, the court ruled that the public policy of Colorado bars a person from recovering damages for his or her own torts and that, therefore, Tanski could not recover as a matter of law. Accordingly, the court dismissed Tanski's action.

## I.

██ Plaintiff Tanski's first contention is that the trial court erred by assuming that Tanski was seeking recovery only for himself. We find no error.

Section 13–21–201(1)(a), C.R.S. (1990 Cum.Supp.) applies to all civil actions based on deaths occurring after July 1, 1988. It provides that a wrongful death action may be brought within the first year after death by decedent's spouse or, *upon the written election of the spouse,* by the decedent's spouse and heirs.

In the trial court's written order of dismissal, the court noted that: "Mr. Tanski has children of his own and Mrs. Tanski had children of her own...." Here, however, Tanski did not file the written election that was required in order for him to sue on behalf of decedent's other heirs. Since there is nothing in the record to indicate that Tanski intended to file, or was authorized to file, his lawsuit as a representative of heirs other than himself, the trial court did not err in finding that Tanski sought recovery only for himself.

## II.

██ Plaintiff Tanski, in his representative capacity, next contends that the trial court erred by concluding that the public policy of Colorado bars his recovery under the state's wrongful death statute. We disagree.

In *Davenport v. Patrick,* 227 N.C. 686, 44 S.E.2d 203 (1947), the North Carolina supreme court faced a situation strikingly similar to the one presented here. There, a

husband negligently caused his wife's death in an automobile accident. Later, the administrator of wife's estate sued the husband, seeking recovery under the state's wrongful death statute.

The North Carolina court, however, ruled that the real party in interest was the husband because he was the beneficiary of his wife's estate, and if the administrator was allowed to proceed and recover, the husband would be enriched for his own wrong. Accordingly, the court held that since "the wrongdoer [husband] [was] both the defendant and the real plaintiff," his action was contrary to North Carolina's public policy, and husband was barred from recovery. *See also Bays v. Cox' Administrator,* 312 Ky. 827, 229 S.W.2d 737 (1950); and cases cited in *Lucas v. Mississippi Housing Authority,* 441 So.2d 101 (Miss. 1983) (Walker, J., concurring).

Other courts have ruled to the contrary. *See Strickland v. Atlantic Coast Line R.R. Co.,* 194 So.2d 69 (Fla.App.1967) (husband whose negligence or gross negligence caused or contributed to wife's death did not forfeit his right of action under state's wrongful death act); and *Rozewski v. Rozewski,* 181 Misc. 793, 46 N.Y.S.2d 743 (1944) (husband whose negligence caused wife's death was entitled to recover as sole beneficiary under wrongful death statute and such right to recovery did not violate public policy).

We find the reasoning of the North Carolina court persuasive and consistent with the public policy of this state. *Cf. Willy v. Atchison, Topeka & Santa Fe Ry. Co.,* 115 Colo. 306, 172 P.2d 958 (1946). Here, although Tanski purports to bring this action "in his representative capacity," in reality, Tanski is attempting to recover damages for a wrongful death that he negligently caused. Nor are we persuaded by Tanski's contention that the 1989 legislative amendment to § 13-21-102.5(2)(b) C.R.S. (1990 Cum.Supp.) alters this result.

On a motion to dismiss, we must view the allegations of the complaint in the light most favorable to plaintiff. *Shelter General Insurance Co. v. Progressive Casualty Insurance Co.,* 796 P.2d 18 (Colo.App. 1990). Viewing plaintiff's claim in that manner, we conclude as did the trial court that the public policy of Colorado prohibits a plaintiff from recovering damages for a wrongful death he or she has negligently caused, and we therefore affirm the dismissal of Tanski's lawsuit.

### III.

In view of our ruling, we need not consider plaintiff's other contentions.

Since plaintiff here has attempted to establish a new theory of law, we deny defendant's request for attorney fees. *See* § 13-17-102(7), C.R.S. (1987 Repl.Vol. 6A). *See also Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984).

The judgment is affirmed.

REED and VAN CISE *, JJ., concur.