2015 UT App 33

# THE UTAH COURT OF APPEALS

BARBARA BAGLEY AND THE ESTATE OF BRADLEY M. VOM BAUR,
Plaintiffs and Appellants,
*v.*
BARBARA BAGLEY,
Defendant and Appellee.

Opinion
No. 20131077-CA
Filed February 12, 2015

Third District Court, Salt Lake Department
The Honorable Paul G. Maughan
No. 130903840

Mark C. Rose and Reid Tateoka, Attorneys
for Appellants

Peter H. Christensen and Kathryn T. Smith,
Attorneys for Appellee

JUDGE JOHN A. PEARCE authored this Opinion, in which JUDGES
STEPHEN L. ROTH and KATE A. TOOMEY concurred.

PEARCE, Judge:

¶1     Barbara Bagley appeals from the district court's ruling that she is barred from maintaining two causes of action arising out of an automobile accident that claimed her husband's life. The two plaintiffs in this case—the decedent's heir and the personal representative of his estate—brought a wrongful death claim and a survival action against the driver alleged to have caused the accident. Bagley finds herself on both sides of this dispute because not only is she her husband's heir and the personal representative of his estate, she is also the defendant driver whose negligence allegedly caused the accident. The

district court determined that the language of the wrongful death and survival action statutes prevents a tortfeasor from seeking recovery from herself and that the plaintiffs therefore could not bring suit against the defendant. We conclude that the plain language of the statutes does not bar such suits. We reverse the dismissal of plaintiffs' causes of action and remand for further proceedings.

## BACKGROUND

¶2    Barbara Bagley, acting in different capacities, appears as both the appellants and the appellee in this case. Bagley represents the estate of Bradley M. Vom Baur. She also appears on her own behalf as Vom Baur's heir. We refer to these two roles collectively as Plaintiffs. Bagley is also the defendant and alleged tortfeasor (Defendant). Defendant's interests in this case are represented by her insurance carrier.

¶3    On December 27, 2011, Vom Baur and Defendant were driving in Nevada with Defendant at the wheel. Defendant lost control of the vehicle causing it to flip. Vom Baur died as a result of the injuries he sustained in the accident. Plaintiffs filed a complaint against Defendant. Plaintiffs asserted two causes of action: a wrongful death claim as Vom Baur's heir, *see* Utah Code Ann. § 78B-3-106 (LexisNexis 2012), and a survival action on behalf of Vom Baur's estate, *see id.* § 78B-3-107.

¶4    Defendant moved to dismiss for failure to state a claim upon which relief could be granted. *See* Utah R. Civ. P. 12(b)(6). The district court granted the motion without a hearing. The court concluded that the phrase "of another," present in both the wrongful death and survival action statutes, "evidences an intent to exclude recovery to heirs who have caused the wrongful act or neglect leading to the death of the decedent."

¶5 Although the district court explicitly stated that it was not ruling on public policy grounds, it did note that the result it reached comported with case law from other jurisdictions: "The majority view [in other jurisdictions] is to disallow a negligent beneficiary or sole survivor from effectively enriching him or herself through the assertion of a wrongful death or survival action or some combination of the same." (Citing *Davenport v. Patrick*, 44 S.E.2d 203 (N.C. 1947); *Tanski v. Tanski*, 820 P.2d 1143 (Colo. App. 1991); *In re Chase Estate*, 44 Pa. D. & C. 3d 34 (Pa. Orphans' Ct. 1987)). *But see Rozewski v. Rozewski*, 46 N.Y.S.2d 743, 745 (N.Y. Sup. Ct. 1944) (determining that New York law did not bar a widower's survival action suit after he caused the car accident in which his wife died despite "the fact that the plaintiff not only would be the *sole beneficiary* of any recovery obtained, [and] the accident allegedly occurred *wholly* because of his *own* negligence" (emphases in original)); *Strickland v. Atlantic Coast Line R.R. Co.*, 194 So. 2d 69, 71 (Fla. Dist. Ct. App. 1967) (noting that, under Florida's Wrongful Death Act, a widower did not forfeit his cause of action despite causing the car accident in which his wife died, because his actions were negligent and not intentional).

## ISSUES AND STANDARD OF REVIEW

¶6 Plaintiffs contend that the district court erred in interpreting the wrongful death and survival action statutes. "We review a district court's interpretation of a statute for correctness." *H.U.F. v. W.P.W.*, 2009 UT 10, ¶ 19, 203 P.3d 943.

## ANALYSIS

¶7 The question before this court is whether the plain language of the wrongful death and survival action statutes bars a tortfeasor from bringing an action against herself for damages if she asserts those causes of action in her capacity as an heir or

as the personal representative of the decedent's estate.[1] "[W]hen interpreting statutes, our primary goal is to evince the true intent and purpose of the [Utah] Legislature." *State v. Maestas*, 2002 UT 123, ¶ 52, 63 P.3d 621 (citation and internal quotation marks omitted). "The plain language of the statute provides us with the road map to the statute's meaning, helping to clarify the intent and purpose behind its enactment." *Id.*; *see also Riggs v. Georgia-Pacific LLC*, 2015 UT 17, ¶¶ 10–11 (analyzing the wrongful death statute according to its plain language). We read statutory language so as to render all parts of the statute relevant and meaningful, and we presume the Legislature used each term within the statute advisedly and according to its ordinary meaning. *Maestas*, 2002 UT 123, ¶ 52.

¶8    Plaintiffs contend that there is no language in either statute that precludes any type of heir or personal representative from maintaining a suit. Defendant responds that the Legislature deliberately employed the phrase "of another" in each statute to exclude recovery by negligent heirs or personal representatives. Defendant further argues that had the Legislature intended negligent heirs to recover, the statute would contain express language to that effect.

---

1. Utah law limits the ability of a plaintiff to recover when that plaintiff bears some fault for an injury or death. Those limits do not appear in the wrongful death or survival action statutes but are found in the comparative fault statute. *See* Utah Code Ann. §§ 78B-5-818 to -820 (LexisNexis 2012). The parties did not ask the district court to address the comparative fault statute and did not brief it on appeal. We express no opinion on how that statute might apply to this case and confine our analysis to whether the wrongful death or survival action statutes mandate dismissal of Plaintiffs' claims.

¶9    The wrongful death statute provides, in pertinent part,

> Except as provided in Title 34A, Chapter 2, Workers' Compensation Act, when the death of a person is caused by the wrongful act or neglect *of another*, his heirs, or his personal representatives for the benefit of his heirs, may maintain an action for damages against the person causing the death, or, if the person is employed by another person who is responsible for his conduct, then against the other person.

Utah Code Ann. § 78B-3-106(1) (LexisNexis 2012) (emphasis added).

¶10   Defendant urges us to read "of another" to mean someone other than the decedent's heirs and personal representatives. Read this way, heirs could not recover if they or the personal representative negligently caused the death of the decedent.[2] However, the absence of punctuation marks separating "death of a person" from "of another" signifies that the two are connected and that they are separate from the other clauses in the statute. Plainly read, section 106 uses the phrase "of another" to mean a person other than the decedent. This reading evidences a legislative intent to exclude situations in which the decedent's own wrongful act or neglect caused his death. *Cf. Van Wagoner v. Union Pacific R.R. Co.*, 186 P.2d 293, 303 (Utah 1947) (explaining that the then-current version of the wrongful death statute did not permit recovery "where the

---

2. The wrongful death and survival action statutes both utilize the term "heirs" as a category encompassing the decedent's spouse, children, parents, and stepchildren. *See* Utah Code Ann. § 78B-3-105 (LexisNexis 2012).

deceased either solely or proximately contributes negligently to his own death").

¶11 We conclude that the statute consists of two operative components: the first defines the circumstances that will trigger the statute, and the second sets forth the legal result. Put another way, the statute contains "if" and "then" clauses. The "if" clause limits the applicability of the wrongful death statute to times "when the death of a person is caused by the wrongful act or neglect of another"; that is, someone other than the decedent. Once the "if" clause is satisfied, the "then" clause provides that the decedent's "heirs, or his personal representatives for the benefit of his heirs, may maintain an action for damages against the person causing the death." *See* Utah Code Ann. § 78B-3-106(1); *see also Riggs*, 2015 UT 17, ¶ 11. In short, section 106 does not, by its express language, bar an heir or personal representative from filing a wrongful death claim even if the death was caused by the wrongful act or neglect of the heir or personal representative.

¶12 We consider next whether the survival action statute allows the personal representative to seek damages on behalf of the estate from a tortfeasor personal representative. The survival action statute provides, in pertinent part,

> A cause of action arising out of personal injury to a person, or death caused by the wrongful act or negligence *of another*, does not abate upon the death of the wrongdoer or the injured person. The injured person, or the personal representatives or heirs of the person who died, has a cause of action against the wrongdoer or the personal representatives of the wrongdoer for special and general damages, subject to Subsection (1)(b).

Utah Code Ann. § 78B-3-107 (emphasis added).[3]

¶13 Defendant argues that the phrase "of another" must mean someone other than "the injured person, or the personal representatives or heirs of the person who died." But "of another" does not appear in the same sentence as the list of people who may bring a cause of action. To read "of another" as Defendant urges would require us to transpose a limiting phrase from the first sentence and apply it to a list in the second. Doing so would contravene a plain reading of the statute.

¶14 Read plainly, section 107's scope is limited to circumstances where a person is injured or killed "by the wrongful act or negligence of another." The phrase "of another" is contained in the first sentence to explain that section 107 does not apply when the death is caused by the decedent's own wrongful act or negligence. Consequently, the plain language of section 107 does not bar an heir or personal representative from maintaining causes of action against tortfeasors who caused the injury or death, even if the tortfeasor is the heir or personal representative.

¶15 Our understanding of sections 106 and 107 is reinforced by the language the Legislature used in section 106.5 of the same chapter. That statute explicitly contemplates a negligent heir seeking to become the estate's personal representative:

---

3. The survival action statute has since been amended, and this sentence now reads, "A cause of action arising out of a personal injury to a person, or death caused by the wrongful act or negligence of *a wrongdoer*, does not abate upon the death of the wrongdoer or the injured person." Utah Code Ann. § 78B-3-107 (LexisNexis 2014) (emphasis added). Neither party has argued that this change should be material to our analysis.

> (1) "Presumptive personal representative" means:
> (a) the spouse of the decedent *not alleged to have contributed to the death of the decedent*;
> (b) if no spouse exists, the spouse of the decedent is incapacitated, or *if the spouse of the decedent is alleged to have contributed to the death of the decedent*, then an adult child of the decedent not alleged to have contributed to the death of the decedent . . . .

Utah Code Ann. § 78B-3-106.5 (emphases added).[4]

¶16 In section 106.5, the Legislature expressly excluded spouses alleged to have contributed to the death of the decedent from the category of presumptive personal representatives. This exclusion indicates that the Legislature recognized the possibility of an heir or personal representative being responsible for the injury or wrongful death of the decedent. Furthermore, the language in section 106.5 demonstrates how the Legislature might have phrased an express prohibition had it intended to incorporate one into section 106 or section 107. However, since the enactment of section 106.5 in 2008, the Legislature has amended both sections 106 and 107 without adding language barring negligent heirs or personal representatives from bringing those causes of action. We interpret the absence of such language from sections 106 and 107 as an expression of legislative intent, particularly in light of the recent amendment of section 107. *See supra* ¶ 12 n.4.

¶17 Defendant argues that this reading infuses the statute with a meaning that is "contrary to . . . basic notions of fairness and decency" and contrary to public policy. Defendant does not define the contours of the public policy she would have this

---

4. The decision to appoint Bagley as personal representative of Vom Baur's estate is not before us on appeal.

court apply, nor does she provide citation to where such a policy has been articulated by Utah statute or case law.[5] We decline the invitation to allow notions of what the public policy might be to animate our analysis.

¶18   The Utah Supreme Court has instructed that, "in most instances, our proper role when confronted with a statute should be restricted to interpreting its meaning and application as revealed through its text." *Rothstein v. Snowbird Corp.*, 2007 UT 96, ¶ 10, 175 P.3d 560. "To pluck a principle of public policy from the text of a statute and to ground a decision of this court on that principle is to invite judicial mischief." *Id.* "[T]he theory of public policy embodies a doctrine of vague and variable quality, and, unless deducible in the given circumstances from

---

5. Instead, Defendant cites a number of cases from outside of Utah. None of these cases interprets Utah law or sheds any light on what the Utah Legislature intended when it crafted the statutes at issue here. Instead, the cases ground their analyses in the public policy of their respective states. *See, e.g., Tanski v. Tanski*, 820 P.2d 1143, 1145 (Colo. App. 1991) ("[W]e conclude . . . that the public policy of Colorado prohibits a plaintiff from recovering damages for a wrongful death he or she has negligently caused . . . ."); *Commercial Union Ins. Co. v. Pelchat*, 727 A.2d 676, 681–82 (R.I. 1999) ("Just as the public policy of this state would be offended if we were to allow an intentional wrongdoer to benefit from his or her malfeasance, it would be equally offended if we were to allow a negligent wrongdoer to benefit from his or her own wrongful act."). None of these cases speaks to the precise language of the Utah statutes or addresses the potential interplay between the wrongful death or survival action statutes and the Utah comparative fault statute. More importantly, however, Defendant has not provided us with any justification for looking beyond the plain language of the statutes.

constitutional or statutory provisions, should be accepted as a basis for judicial determinations, if at all, only with the utmost circumspection." *Id.* (citation and internal quotation marks omitted). If the plain language of the wrongful death and survival action statutes is misaligned with public policy, it is the province of the Legislature to realign them. [6]

## CONCLUSION

¶19    The plain language of the wrongful death and survival action statutes does not bar an heir or personal representative from pursuing those causes of action even when the heir or personal representative is the defendant tortfeasor. The district court therefore erred by dismissing those causes of action. We reverse the district court's dismissal and remand for further proceedings consistent with this opinion.

––––––––––

6. Defendant's plea to consider "basic notions of fairness and decency" could be interpreted as an invocation of the absurd-result doctrine. The Utah Supreme Court has noted a "well-settled caveat to the plain meaning rule [that] states that a court should not follow the literal language of a statute if its plain meaning works an absurd result." *Savage v. Utah Youth Village*, 2004 UT 102, ¶ 18, 104 P.3d 1242. The application of this doctrine is limited to those circumstances where "the result is so absurd that [the Legislature] could not possibly have intended it." *In re Z.C.*, 2007 UT 54, ¶ 12, 165 P.3d 1206. Defendant has not demonstrated that the Legislature could not possibly have intended the result the plain language of the statutes dictates. Nor does Defendant address the potential of the comparative fault statute to serve as the mechanism to address the ability of an allegedly at-fault plaintiff to recover.