**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JANE QURA, as mother and next
friend of Michael G. Qura, a minor,
Plaintiff-Appellant,

v.

D R MCCLAIN & SON,                                        No. 95-1744
Defendant & Third Party Plaintiff-
Appellee,

v.

SBAM, INCORPORATED, d/b/a Verona
Deli; JANE QURA,
Third Party Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-94-1380-A)

Argued: May 9, 1996

Decided: September 30, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Benbow Adams, ASHCRAFT & GEREL, Alex-
andria, Virginia, for Appellant. William Edgar Spivey, KAUFMAN

& CANOLES, P.C., Norfolk, Virginia, for Appellee. **ON BRIEF:** Jonathan L. Thornton, KAUFMAN & CANOLES, P.C., Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

At four years old, Michael Qura severely injured his hand in a pizza dough roller in the kitchen of a deli and pizza parlor owned and run by a corporation, SBAM, which his parents owned. His mother, Jane Qura, filed a lawsuit as next friend of her son against the manufacturer of the dough machine D.R. McClain & Son ("the company") seeking damages based on a theory that the injuries were caused by the negligent design of the machine, by the company's failure to provide adequate warnings of potential dangers, and by the company's breach of its implied warranties of merchantability and of fitness for a particular purpose. The district court granted summary judgment in favor of the company. For the following reasons, we reverse and remand.

I

On the day of the injury, Jane Qura had her son Michael at work with her. Michael had been given a roll of pizza dough to play with. Michael then had dragged a chair into the kitchen from the restaurant area. He placed the chair near the dough roller contrary to his mother's order. Jane Qura proceeded to remove Michael from the chair. She was, however, distracted, thus permitting Michael to climb back up in the chair. Michael proceeded to turn on the dough machine. He had seen his parents operate the machine before and had done so himself under his father's supervision on previous occasions. While Michael was playing with the dough roller, his left hand missed the safety bar and was caught in the rollers resulting in severe injuries.

Jane Qura, as her son's mother and next friend, filed a lawsuit in Virginia state court alleging that Michael's injuries were caused by the company that manufactured the machine.[1] The company removed the action to federal court under diversity jurisdiction. The company also filed a third-party action against Jane Qura and SBAM seeking indemnification from Jane Qura and SBAM if Michael recovered any damages based on Jane Qura's alleged negligence in supervising her son.[2] Subsequently, the company moved for summary judgment alleging that Jane Qura's negligence was the proximate cause of Michael's injury because her negligence had intervened and superseded any alleged negligent design, inadequacy of warning, or breach of warranty by the company.

The district court granted the company's motion, holding that Jane Qura's negligence was an intervening cause which superseded any alleged negligence, failure to warn adequately, or breach of warranties by the company. Furthermore, the district court noted that Michael's use of the dough roller was an unforeseeable use for which the company could not be held responsible. Jane Qura, as mother and next friend of her son, has appealed.

_____

[1] Jane Qura also could have sued for medical expenses. When a child is injured, two causes of action accrue under Virginia law. One accrues on behalf of the child for injuries themselves and the other on behalf of the parent for expenses incurred. Hutto v. BIC Corp., 800 F. Supp. 1367, 1372 (E.D. Va. 1992).

[2] Jane Qura's counsel wrote the insurance company for the pizza parlor requesting coverage after the accident based on the clear negligence of the business' employees--one of whom was Jane Qura--in permitting Michael to play with a machine, which counsel contended was "clearly at least potentially dangerous."

Upon the consent of the company "without prejudice to the claims asserted against SBAM, Inc. and Jane Qura, should this case be remanded," we granted SBAM and Jane Qura's motion to dismiss themselves as third-party defendants.

3

II

A. Standard of Review

We review the district court's summary judgment ruling under a de novo standard of review. Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995); Jackson v. Kimel, 992 F.2d 1318, 1322 (4th Cir. 1993). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is only appropriate where there are no genuine issues of material fact. In conducting our analysis, we review the record in the light most favorable to the nonmoving party.

B. Causation

Jane Qura, as her son's mother and next friend, must demonstrate that the company's negligence and breach of warranty were the proximate cause of Michael's injuries in order to hold the company liable. Virginia defines proximate cause as "that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another, where, had it not happened, the injury would not have been inflicted." Von Roy v. Whitescarver, 89 S.E.2d 346, 352 (Va. 1955) (quoting Schools v. Walker, 47 S.E.2d 418, 423 (Va. 1948)). An entirely independent, intervening wrongful act may supersede by breaking the chain of causation, and becoming the sole proximate cause. Cooper v. Ingersoll Rand Co., 628 F. Supp. 1488, 1493 (W.D. Va. 1986); Coleman v. Blankenship Oil Corp., 267 S.E.2d 143, 147 (Va. 1980); Maroulis v. Elliott , 151 S.E.2d 339, 345 (Va. 1966).

Michael was not tall enough even to reach the machine, nor was he old enough to read the warnings and directions on the machine. In order to reach the machine, Michael had to drag a chair over to it. Jane Qura allowed Michael to pull a chair over to the dough roller. Jane Qura removed him from the chair once, but then gave up and allowed Michael to play with the machine. She continued what she was doing with her back to Michael. Thus, Jane Qura failed to supervise properly her son in a potentially very dangerous situation--a commercial kitchen with commercial bakery equipment.

4

Virginia law, however, precludes Jane Qura's failure to supervise properly her son from acting as an intervening proximate cause in a lawsuit by the son against the manufacturer of the machine. Under Virginia law, a child under the age of seven cannot be contributorily negligent. Grant v. Mays, 129 S.E.2d 10, 12 (Va. 1963). Virginia has a long-standing principle that the negligence of a parent cannot be imputed to the child in order to defeat the child's claim for damages against a negligent defendant. Shelton v. Mullins, 147 S.E.2d 754, 756-57 (Va. 1966); American Tobacco Co. v. Harrison, 27 S.E.2d 181, 185 (Va. 1943). The Virginia courts have interpreted the principle of disallowing imputation of the parents' negligence to the child as disallowing the parents' negligence from acting as a proximate cause of the accident. For example, in Shelton , a car struck and injured a three-year-old child while he attempted to cross the street. The mother of the child had directed her son to cross the street to return a toy to another child. The mother had seen the car coming and, therefore, had waved to her son, crying out "Bobby, go back!" Despite the warning, the child started across the street and was hit. The Virginia Supreme Court reversed a jury verdict for the defendant driver and remanded for a new trial based, in part, on erroneous jury instructions that had been

> designed to permit the jury to exonerate the driver of the car from liability if they believed from the evidence that the mother of the child was guilty of negligence in permitting him to cross the street unattended, or in hollering and waving so as to distract the attention of the driver from her view of the street ahead, and that the mother's negligence was a proximate cause of the accident.

147 S.E.2d at 756.

In another case, American Tobacco, a truck hit and injured a nine-year-old girl as she ran into the street. In appealing a jury verdict in favor of the girl, the defendant argued that the negligence of the girl's mother in allowing the child to cross the street between intersections should be imputed to the girl. The court reiterated the principle that the negligence of a parent may not be imputed to the child. In doing so, the court relied on the principle set forth in Norfolk & W.R. Co. v. Groseclose's Adm'r, 13 S.E. 454, 455 (Va. 1891), that "the parents'

5

negligence is no defense, because it is regarded, not as a proximate, but as a remote cause of the injury." 27 S.E.2d at 185. According to the Norfolk & W.R. court, the parents' negligence is a remote rather than proximate cause because

> the child, who, itself being incapable of negligence, cannot authorize it in another. It is not correct to say that the parent is the agent of the child, for the latter cannot appoint an agent. The law confides the care and custody of a child non sui juris to the parents, but, if this duty be not performed, the fault is the parents', not the child's.

13 S.E. at 435.**3** But see Kelley v. Rival Mfg., 704 F. Supp. 1039, 1044-45 (W.D. Okla. 1989) (awarding summary judgment to defendant manufacturer of product where negligence of parents was cause of accident in Oklahoma, which also has a rule that very young children cannot be negligent).

The company argues that it cannot be held liable for negligent design, failure to warn, or breach of warranty even if the mother's negligence cannot intervene as a proximate cause because Michael Qura's use of the machine was an unforeseeable misuse. Under Virginia law, misuse of a product bars claims of negligence and breach of warranty. Besser Co. v. Hansen, 415 S.E.2d 138, 144 (Va. 1992);

_____

**3** In Norfolk & W.R., the parents brought the action as the administrators of their deceased child's estate. They, as his heirs, would benefit from any recovery. In an opinion following Norfolk & W.R., the Virginia Supreme Court clarified that "there can be no recovery where the action is brought in the name and for the benefit of one whose negligence has contributed to the accident." Richmond F. & P.R. Co. v. Martin's Adm'r, 45 S.E. 894, 894 (Va. 1903). Thus, it held that a father, who was guilty of negligence contributing to the cause of his son's death, could not recover for the death in an action benefiting the father. Id. at 894-96. The negligence of the father would interpose no defense only in an action by the child for the child's benefit. Id.; see also Davis v. Seaboard Air Line Ry., 48 S.E. 591, 592 (N.C. 1904). Here, the lawsuit is brought by the mother as next friend of her child. The child in such an action is the real party plaintiff rather than the next friend. 42 AmJur 2d Infants §§ 151, 161 (1969). Thus, here, the parents' negligence cannot operate as a defense.

6

Turner v. Manning, Maxwell & Moor, Inc., 217 S.E.2d 863, 869 (Va. 1975); Baecher v. McFarland, 31 S.E.2d 279, 281 (Va. 1944).[4] Virginia law does not require that a manufacturer of a product make it accident-proof. Featherall v. Firestone Tire & Rubber Co., 252 S.E.2d 358, 367 (Va. 1979). "Virtually any product is capable of producing injury when put to certain uses or misuses." Todd v. Societe BIC, S.A., 21 F.3d 1402, 1407 (7th Cir.) (quoting Hunt v. Blasius, 384 N.E.2d 368, 372 (Ill. 1978)), cert. denied, 115 S. Ct. 359 (1994). A manufacturer is, therefore, not always held liable in instances of misuse. A plaintiff must, therefore, demonstrate liability with a defect rendering the product unsafe and unreasonably dangerous for its ordinary and foreseeable uses. Alevromagiros v. Hechinger Co., 993 F.2d 417, 420 (4th Cir. 1993).

The district court stated in denying relief that "the misuse" of the machine was so "grossly negligent and unforeseeable [in] nature" that it went "beyond any possible defect in the design." The district court found that Jane Qura's expert had conceded as well that the machine was not intended for use by four-year-olds. While we agree that the expert stated that a four-year-old child making pizza dough is unusual and not intended by the company, the expert stated that: "It's certainly not being misused in making the dough." Thus, in one sense the machine was being used for the purpose for which it was intended-- to make pizza dough. If a hand on any individual could just as easily have slipped through the safety device, then the machine's use was not necessarily a misuse. On the other hand, if only a four-year-old's hand due to size, lack of coordination, or some similar four-year-old characteristic could slip through, then the machine could be seen as being misused. If misused, then the company's negligence was not a proximate cause. If used in the manner intended, then the company's

_____

[4] In Baecher, a five-year-old child was injured when climbing a barbed-wire fence. The Virginia Supreme Court reversed a verdict for the child reasoning that: "The use of barbed wire as a material in the construction of fences is so common and universal that we cannot classify it as a dangerous instrumentality." The court further stated, however, that "[i]f by any stretch of the imagination it could be so considered, then, its connection with the accident, as a cause, is so broken and remote, and so entirely superseded by the independent act of the child as to make impossible foreseeable sequence." 31 S.E. 2d at 281.

negligent design, failure to warn, and breach of warranty could be the proximate cause. Thus, there is a dispute of material fact rendering summary judgment inappropriate.

Generally, proximate cause is a question for the jury. Only where persons of reasonable minds may not fairly differ on the proper inferences to be drawn from the facts, does the issue of proximate cause become a question of law for the court. Hubbard v. Murray, 3 S.E.2d 397, 402 (Va. 1939). Here, we find that reasonable minds could differ. Thus, we remand for a jury trial as to whether the company can be held liable for Michael Qura's injuries.[5]

Accordingly, the district court's order is

REVERSED AND REMANDED.

_____

[5] On remand, Jane Qura, in her individual capacity, and SBAM are reinstated as third-party defendants, their dismissal being contingent upon the district court's opinion being affirmed. In the event of an award to Michael Qura, the district court should consider whether the company can seek contribution from Jane Qura, in her individual capacity, and SBAM.

8